Kenneth NEMBHARD, Appellant,

v.

UNITED STATES of America.

No. 01–2579.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit LAR
34.1(a) Dec. 11, 2002.

Decided Dec. 13, 2002.

Before FUENTES and GARTH, Circuit Judges, and WALLACH, Judge.*

OPINION

GARTH, Circuit Judge.

This case involves the appeal of the district court's judgment denying appellant Kenneth Nembhard's petition brought pursuant to 28 U.S.C. § 2255 to vacate his sentence. We had earlier granted Nembhard a certificate of appealability with respect to a single issue: Nembhard's claim that he received ineffective assistance of counsel when his trial counsel failed to file a direct appeal at Nembhard's request.

We will vacate the district court's judgment and remand the case for an evidentiary hearing on this issue as provided for by § 2255.

I.

Because we write solely for the benefit of the parties, we recount the facts and the procedural history of the case only as they are relevant to the following discussion.

On October 23, 1996, a grand jury indicted Nembhard on one count of conspiracy

---

* Honorable Evan J. Wallach, United States Court of International Trade, sitting by desig- nation.

to import cocaine in violation of 21 U.S.C. § 963. Nembhard initially pled not guilty at arraignment, but later pled guilty on January 15, 1999. On May 5, 1999, Nembhard was sentenced to a 60–month term of imprisonment. No notice of appeal was filed.

Nembhard apparently attempted in August 1999 to file a petition to vacate his sentence pursuant to 28 U.S.C. § 2255; and on April 14, 2000, filed a motion to file supplemental pleadings as well as an accompanying memorandum. As the district court clerk's office had no record of Nembhard's August 1999 petition, the district court ordered that Nembhard file an amended petition containing all of his claims by November 15, 2000; and Nembhard did so on October 30, 2000. (All of these filings were apparently pro se, though Nembhard is now represented on appeal.) Nembhard's petition advanced a number of grounds for vacating his sentence, including the claim that he received ineffective assistance of counsel because his trial counsel allegedly failed to file a notice of appeal pursuant to Nembhard's instructions.[1]

The district court entered an order on May 22, 2001, denying Nembhard's petition with prejudice, according to the opinion accompanying the order. See Nembhard v. United States, Civ. Action No. 00–1799, slip op. at 2 (D.N.J. May 22, 2001). On June 18, 2001, Nembhard filed a notice of appeal. We treated the notice of appeal as a motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(1), and on August 30, 2001, granted a certificate of appealability to Nembhard with respect only to "the appellant's claim that counsel was ineffective for failing to file a direct appeal." Supp.App. 2.

## II.

As we have issued a certificate of appealability, we have jurisdiction under 28 U.S.C. §§ 2253 and 2255 to resolve the appeal.

## A.

■ The Supreme Court has "long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores–Ortega, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (citing Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)). If Nembhard actually requested that his trial counsel file an appeal, and if that request were timely,[2] then Nembhard would be entitled to relief. He could then file an out-of-time direct appeal. See Solis v. United States, 252 F.3d 289, 294 (3d Cir. 2001) ("A new opportunity to directly appeal is the remedy for petitioner's alleged ineffective assistance of counsel.") (citation omitted).

---

1. The other grounds in Nembhard's petition were (1) that the district court miscalculated his criminal history at sentencing; (2) that the "safety valve" provision of 18 U.S.C. § 3553(f) entitled him to a downward departure from the mandatory minimum sentence imposed by statute; and (3) that he received ineffective assistance of counsel at the sentencing stage.

2. It is not immediately clear what "timely" means in this context. If the request to file an appeal occurred within ten days of sentencing, the request would be timely. See Fed. R.App. P. 4(b)(1)(A). As the Government implies in its brief, see Appellee's Br. at 11–12 & n. 3, 16, Nembhard might have an ineffective-assistance-of-counsel argument if Nembhard had made a request after the ten-day period but within the thirty-day period following the ten-day period permitted for moving to extend the time to file a notice of appeal for "excusable neglect or good cause." Fed. R.App. P. 4(b)(4).

Section 2255 provides that a district court *"shall ... grant"* an evidentiary hearing *"[u]nless* the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." 28 U.S.C. § 2255 (emphasis added).[3] As this Court has noted, "The discretion of the district court summarily to dismiss a motion brought under § 2255 is limited to cases where the motion, files, and records *'show conclusively* that the movant is not entitled to relief.'" *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir.1994) (quoting *United States v. Day,* 969 F.2d 39, 41–42 (3d Cir.1992) (internal citations and quotation marks omitted)) (emphasis added).

### B.

■ Nembhard made sufficient allegations in his § 2255 petition to require an evidentiary hearing. Nembhard's supplementary memorandum to his petition listed as its third ground that "Counsel Blair Zwellman failed to file a Notice of Appeal after being so advised to do so by petitioner Kenneth Nembhard." App. 39 (capitalization altered). The memorandum alleged that Nembhard was aware of the ten-day period during which he was required to take an appeal from his sentence imposed on May 5, 1999. It also alleged that there was some discussion with counsel, after which Nembhard was initially inclined not to take an appeal, but that ultimately, Nembhard concluded that he wanted to appeal and made such a request of counsel. Neither the petition nor the memorandum indicate when this alleged request of counsel was made.

In relevant part, the memorandum states:

Mr. Nembhard, petitioner after sentencing was imposed on or about May 6[sic], 1999, your petitioner requested counsel to file a Notice of Appeal on his behalf. A obligation that was required of counsel as a matter of right to petitioner. A right that counsel infringed upon and petitioner was in fact perjudice [sic] by counsel's unexcusable neglect in not filing an appeal as requested to do so by petitioner Nembhard.

As counsel's failure to file notice of appeal when requested by petitioner deprives petitioner Nembhard of his sixth amendment right to assistance of counsel, notwithstanding that the appellant [sic] review may have had reasonable probability of success ....

The record will reveal that the court advised petitioner of his right to file a Notice of Appeal within ten days from the date judgment was entered. As petitioner there after requested counsel to file an appeal after petitioner suggested that he would not do so. However, it was after careful thought that petitioner determine [sic] that to not file such an appeal was not the right position to take and requested counsel to then file a notice of appeal as required.

This has resulted in lost [sic] to petitioner's vital right to direct appeal, the loss of the right to appeal because of counsel's malfeasance or nonfeasance, without more, is enough to entitle the petitioner to relief.

App. 39–40.

The district court concluded that Nembhard's "ineffective assistance of counsel claim, as to this allegation, fails for want of merit and must be denied." *Nembhard,*

---

**3.** The provision governing petitions for federal prisoners, 28 U.S.C. § 2255, was amended by section 105 of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1220 (1996). AEDPA did not change the language of § 2255 concerning evidentiary hearings.

Civ. Action No. 00–1799, slip op. at 15. The district court justified this conclusion in part because "[p]etitioner fails to allege or aver that he expressed his request to counsel within the ten-day filing period required by [Federal] Rule [of Appellate Procedure] 4." *Id.* at 14. The district court then hypothesized that "[i]f, in fact, [p]etitioner's request occurred after May 16, 1999, such motion would have been precluded as untimely." *Id.* (citing Fed. R.App. P. 4(b)(1)(A)(i)). (See note 2, *supra.*) The district court further stated that "[p]etitioner's concession that his counsel failed to file a notice of appeal after consultation intimates that a discussion occurred between [p]etitioner and his counsel in which counsel employed his professional judgment regarding the likelihood of a successful appeal." *Id.* Finally, the district court indicated that "[p]etitioner's claim that counsel's refusal [sic] to file an appeal in the instant action fails to demonstrate that counsel's action, or inaction, prejudiced [p]etitioner or constituted deficient conduct." *Id.*

In drawing these conclusions without holding an evidentiary hearing, the district court contravened the requirements of § 2255 and accordingly abused its discretion. As stated earlier, § 2255 contains the mandatory instruction that "unless the motion [i.e., the § 2255 petition] and the files and records of the case *conclusively show* that the prisoner is entitled to no relief," a district "court ... *shall grant a prompt hearing* thereon, determine the issues and make findings of fact and conclusions of law thereto." 28 U.S.C. § 2255 (emphasis added).

The district court's determinations, however, did not, and could not, amount to a finding that "the motion and the files and records of the case conclusively show" that Nembhard was not entitled to relief on his claim for ineffective assistance of counsel.

Since the district court did not—and from the record before us, it appears, could not—identify anything in the record that contradicts Nembhard's constitutional claim, the district court was obliged to hold an evidentiary hearing pursuant to § 2255.

We hold that the district court abused its discretion in failing to conduct an evidentiary hearing on Nembhard's claim that his counsel's failure to file a direct appeal at Nembhard's alleged instruction constituted ineffective assistance of counsel. In *Solis*, we stated that

when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it.

*Solis*, 252 F.3d at 295. Nembhard is similarly entitled to such an evidentiary hearing.

The Government's arguments do not compel an opposite conclusion. The Government advocates a rule under which § 2255 petitioners in Nembhard's situation would "be required to allege: (1) that he or she instructed counsel to file a notice of appeal; (2) that the request was made in a timely manner—i.e., within the ten-day period prescribed by Rule 4 (or perhaps, the thirty-day extension period); and (3) that counsel failed to follow petitioner's request." Appellee's Br. at 15–16. The Government argues that the "timing of [the] request is crucial," *id.* at 11, and that a "failure to allege" the time of when the request was made "would drain judicial resources." *Id.* at 12.

But § 2255 does not contain an exception to its requirement of an evidentiary hearing for judicial economy. Furthermore, the authorities cited by the Gov-

ernment are inapposite.[4] We are not persuaded that in the absence of the evidentiary hearing mandated by § 2255, the district court could have denied relief to Nembhard.

We therefore hold that the district court abused its discretion in failing to hold an evidentiary hearing. The district court's judgment will be vacated and the case will be remanded for an evidentiary hearing. If Nembhard is permitted to file a direct appeal, then, in the future event that Nembhard presents another § 2255 petition, it should be deemed his first filed petition. *See Solis,* 252 F.3d at 295.[5]

### III.

For the foregoing reasons, the judgment of the district court will be VACATED and REMANDED.

---

**4.** In *United States v. Thomas,* 221 F.3d 430 (3d Cir.2000), cited by the Government, we explained that "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *id.* at 437 (citing *United States v. Dawson,* 857 F.2d 923, 928 (3d Cir. 1988)), and that a failure to allege "sufficient facts" can lead to summary dismissal of a claim. *Id.* at 437–38 (noting as an example petitioner's "claims involving the alleged failure to interview and to call certain witnesses, with no potential witnesses identified"). The Government also cites *David v. United States,* 134 F.3d 470 (1st Cir.1998), in which the First Circuit held that a § 2255 petitioner's allegations of ineffective assistance of counsel on the grounds that his counsel had failed to communicate an offered plea bargain to him

until the government had withdrawn it, *id.* at 477, constituted "threadbare allusions to a phantom plea bargain" that were "conclusory." *Id.* at 478. In this case, by contrast, Nembhard's claims were not so vague or conclusory as to permit summary dismissal.

**5.** We note that the Certificate of Appealability had denied review of several other issues that Nembhard had desired to raise in his § 2255 motion. If the district court, having held a hearing, determines that Nembhard's counsel was ineffective, this Court's order of August 30, 2001, which issued a Certificate of Appealability limited to the issue of ineffective assistance of counsel, would not bind a future panel of this Court from hearing any other issues raised in Nembhard's direct appeal.