

2001 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-5-2001

# Solis v. United States

Precedential or Non-Precedential:

Docket 99-5833

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2001

Recommended Citation

"Solis v. United States" (2001). *2001 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2001/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2001 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 5, 2001

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-5833

JULIO SOLIS,
      Appellant

v.

UNITED STATES OF AMERICA

Appeal from the United States District Court
For the District of New Jersey
D.C. No.: 98-cv-03643
District Judge: Honorable Garrett E. Br own

Argued: April 4, 2001

Before: SCIRICA, ROSENN, AND GIBSON,*
Circuit Judges.

(Filed: June 5, 2001)

       For the United States:
       Robert J. Cleary, Esq.,
        United States Attorney
       George S. Leone, Esq.,
        Chief, Appeals Division
       Norman Gross, Esq., Assistant
        United States Attorney
       Camden Federal Building and
        United States Courthouse
       401 Market St., Fourth Floor
       Camden, NJ 08101-2098

_____

* John R. Gibson, Senior Judge, United States Court of Appeals for the
Eighth Circuit, sitting by designation.

        For Appellant Julio Solis:
        Thomas F. Dorn, Jr., Esq.
        c/o Sinins & Bross, Esqs.
        201 Washington St.
        Newark, NJ 07102

OPINION OF THE COURT

ROSENN, Circuit Judge.

A request by a petitioner under 28 U.S.C. S 2255 for an evidentiary hearing under the District Court's discr etionary power is not unusual and not often granted. However , in this appeal, the petitioner presents a rar e situation where he claims the right to a mandatory evidentiary hearing.

In September 1996, a federal grand jury in the District of New Jersey indicted Julio Solis on a one-count indictment charging him and four co-conspirators with conspiring to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. S 841(a) and 21 U.S.C. S 946. The defendant entered into a plea agreement. The defendant claims that after sentencing, he requested his counsel to appeal but his attorney failed to take any action. Eight months after sentencing, the defendant filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. S 2255. The District Court, certifying that there was no probable cause for an appeal, denied the motion without a hearing. Solisfiled a pro se notice of appeal. We vacate the sentence and remand for a hearing as required by 28 U.S.C.S 2255.

I.

In August of 1996, a man known as "Yayo" hired Julio Solis ("Solis") to transport 16 kilograms of cocaine from Houston, Texas to Rhode Island, where Solis lived at the time. At Yayo's direction, Solis contacted Allen White ("White"), the owner of the Carthage T rucking Company in Houston, and directed White to receive the cocaine at a warehouse in Houston.1 White then hired his friend Ronald

---

1. Solis had previously worked for White at Carthage Trucking.

Sutton, a truck driver, to transport the cocaine from Houston to Newark, New Jersey.

White instructed Sutton to rent a car and drive it to Carthage Trucking. Sutton complied, and White loaded the cocaine into the rental car. White told Sutton to drive the car to Newark and contact "Julio" when he arrived there. He also instructed Sutton to collect $11,300 fr om the persons who received the cocaine, to keep a portion for himself as payment, to pay some to Julio to r epay an outstanding debt, and to wire the balance to White in Houston.

Sutton left Houston for Newark in a rental car carrying the cocaine. On August 29, 1996, he was pulled over by the Louisiana State Police for driving erratically. They searched the car and found 16 kilograms of cocaine in the spare tire compartment of the trunk. They summoned the Drug Enforcement Administration ("DEA"). Sutton agreed to cooperate with the DEA, who arranged to airlift Sutton and the rental car to Newark for a controlled delivery of the drugs.

On the way to Newark airport, Sutton placed a monitored telephone call to White informing him of his pending arrival in New Jersey as planned. Apparently, White r elayed this information to Solis, who arranged for two other men from Rhode Island, John Arboleda and Juan Velez, to meet Sutton in New Jersey. The DEA agents, after monitoring Sutton's transfer of the drugs to Arboleda and V elez, arrested Arboleda and Velez. While under arrest, Arboleda and Velez received signals on an electr onic pager indicating a telephone number later identified as Solis's. In July, 1997, Solis was arrested.

In September, 1997, Solis entered into a counseled guilty plea agreement with the Government. The agreement provided that under 21 U.S.C. S 841(b), Solis's crime carried a mandatory minimum sentence of ten years imprisonment and a maximum sentence of life imprisonment. It also stated that the Government made no representations regarding the sentence Solis would ultimately receive. In the plea agreement, the Government

3

made the following conditional promise r egarding a so-called "Safety Valve" provision: [2]

> If at the time of sentencing the United States is satisfied that the five enumerated characteristics set forth in 18 U.S.S.G. S 3553(f)(1)-(5) apply to Julio Solis and his commission of the charged offense, the United States will make such a representation to the sentencing court and will recommend that the sentencing court impose a sentence pursuant to the applicable Sentencing Guidelines without regar d to any statutory minimum sentence.

No stipulation was made regarding Solis's criminal history score, and the Government r eserved the right to argue the effect of any non-stipulated facts to the sentencing court. The prosecution also r eserved the right to correct any stipulation if it conflicted with any credible evidence subsequently obtained. Finally, the Gover nment represented that it would inform the sentencing court of any information it had, favorable or unfavorable, that was relevant to sentencing.

At his plea colloquy Solis assured the Court that no one had made him any assurances or promises r egarding the sentence the court would ultimately impose and that he was satisfied with his attorney's services. The prosecutor reiterated the conditional nature of the Safety Valve representation, stating that the Safety V alve would apply only to Solis if, at the time of sentencing, allfive factors enumerated in S 3553(f) were met. Solis assured the court that the Government had accurately described the plea agreement. The court accepted Solis's plea.

During its investigation of Solis's background the Probation Office discovered that, in 1995, he had been convicted of petty theft in a state court in Houston, Texas. The state court sentenced him to a $200 fine and 180 days

_____

2. The "Safety Valve" in 18 U.S.C.S 3553(f) provides that statutory minimum sentences do not apply to defendants who meet five enumerated requirements. Relevant her e is the requirement that "the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines . .. ." 18 U.S.C. S 3553(f)(1).

4

probation. See PSR P 48–49. That conviction accounted for one criminal history point. Solis paid part of thefine but not in full. Texas issued a probation violation warrant against him, which warrant was still active when the PSR was written. See PSR P 50. Ther efore, Solis committed the instant offense while a probation violation warrant was outstanding against him. Accordingly, the District Court added two additional criminal history points pursuant to U.S.S.G. S 4A1.1(d), Application Note 4, giving Solis a total criminal history score of three. See  PSR P 50–51. This score rendered Solis ineligible for the Safety V alve. See 18 U.S.C. S 3553(f)(1). Accordingly, the District Court imposed the statutory minimum sentence of ten years imprisonment.

On his motion to vacate his sentence, Solis alleged that he was entitled to relief because 1) his lawyer was ineffective for, inter alia, failing to file a direct appeal as requested; 2) the District Court misapplied the Sentencing Guidelines; and 3) the Government breached the plea agreement.

By order dated December 22, 1999 a panel of this Court construed the notice of appeal as a request for a certificate of appealability and referred the question of whether such a certificate should issue to this merits panel. See Appx. 16. The panel appointed counsel to repr esent Solis and directed the parties to brief the following issues, in addition to any other issues Solis wished to raise: 1) whether trial counsel's failure to file a requested appeal constitutes per se ineffective assistance of counsel; 2) whether 28 U.S.C. S 2255 makes an evidentiary hearing mandatory when a prisoner alleges that he asked trial counsel tofile a direct appeal and counsel failed to do so; and 3) whether aS 2255 petitioner who alleges that trial counsel was inef fective for failing to file a direct appeal is required to state the grounds on which he would have appealed if counsel had filed the requested appeal.

II.

The District Court had subject matter jurisdiction under 28 U.S.C. S 2255. This Court has jurisdiction under 28 U.S.C. S 2253 to decide whether to issue a certificate of

5

appealability and, if such a certificate is issued, under S 2253 and S 2255 to resolve the appeal. We review for abuse of discretion the dismissal of a petition brought under 28 U.S.C. S 2255. See United States v. Friedland, 83 F.3d 1531, 1538 (3d Cir. 1996).

A certificate of appealability may be granted"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. S 2253(c)(2). A defendant claiming ineffective assistance of counsel in violation of the Sixth Amendment of the U.S. Constitution must showfirst that counsel's representation was objectively unreasonable, and second, that counsel's deficient perfor mance was prejudicial. See Roe v. Flores-Ortega, 528 U.S. 470, 476-77 (2000) (citing Strickland v. Washington , 466 U.S. 668 (1984)).

With regard to objectively r easonable representation, counsel has "a constitutionally-imposed duty to consult with the defendant about an appeal when ther e is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfriviolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480 (2000). In cases where the defendant pleaded guilty, "the court must consider such factors as whether the defendant r eceived the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights." Id. Regarding prejudice, the Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." Flores-Ortega, 528 U.S. at 484. Prejudice is presumed from counsel's failure tofile a notice of appeal when so requested by a client. See, e.g. , Kitchen v. United States, 227 F.3d 1014, 1020-21 (7th Cir . 2000).

In this case, Solis claims that he directed his attorney to file an appeal, but that his attorney failed to comply. On its face, this creates a question of fact whether Solis directed his attorney to file an appeal. If he did, then Solis's Sixth

Amendment right to counsel was violated by his counsel's failure to act. See Flores-Ortega , 528 U.S. at 477.

28 U.S.C. S 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. Unless the motion and thefiles and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing  thereon, determine the issues and make findings of fact and conclusions of law with respect thereto. . . . (emphasis added).

Solis maintains that he instructed his attor ney to take an appeal, see Reply Br. 3, but no dir ect appeal was taken. Accordingly, 28 U.S.C. S 2255 requir es that Solis should have received an evidentiary hearing befor e the District Court to determine whether he requested or reasonably demonstrated to counsel that he desired to appeal. It is irrelevant whether the Government or Solis requested the hearing because S 2255 requires the District Court to hold a hearing sua sponte when, as here, the files and records do not show conclusively that Solis was not entitled to relief.

The Government admits that "the District Court did not undertake the kind of credibility deter mination that is required when there is an allegation that the direct appeal rights have not been protected by counsel." Atty. Gross, for Government on Tape of Oral Argument. The Government argues that even if Solis had received a direct appeal, he would be in no better position than he is befor e us now because the motions panel's order allowed him to raise "any other issues." Indeed, in the instant appeal, Solis presents claims normally raised on direct appeal (challenging his sentence and his plea bargain), in addition to those normally raised in a S 2255 petition (ineffective assistance of counsel). Of course, the Government contends that all of Solis's issues are meritless, and that we should decide them against him even if the District Court err ed in not holding an evidentiary hearing.

7

We reject the Government's position. Section 2255 requires that a hearing precede any District Court determination of a disputed issue of fact concerning petitioner's entitlement to relief. Her e, it is unclear whether Solis requested or was interested in pursuing an appeal; the District Court erred in denying Solis a hearing. Solis's ability to raise "any" arguments her e does not substitute for his right to a nunc pro tunc dir ect appeal if, after a hearing, the District Court concludes that Solis is entitled to a remedy for the violation of his rights as set forth in Flores-Ortega. A new opportunity to directly appeal is the remedy for petitioner's alleged ineffective assistance of counsel. See United States v. West, 240 F.3d 456, 459 (5th Cir. 2001). We will not presume that Solis raised every possible argument in his brief before us simply because he could have done so. Adoption of the Government's position may cut corners in the name of efficiency but it may be at the expense of important procedural rights.

The District Court, denying Solis's petition without a hearing, explained that Solis was obligated to raise any and all of his direct appeal issues in his S 2255 petition. See Appx. 12 n.6. We believe that this is not a correct statement of the law if Solis actually requested his counsel to file an appeal. The District Court should have held a hearing to determine the truthfulness of this claim. The District Court's solution to the issue -- requiring consolidation of direct and collateral appeals -- is not an adequate substitute and is unsupported by statute and case law.

If Solis is correct in his claim that he r equested his lawyer to appeal, counsel may have been inef fective for failing to file the appeal. We ther efore hold that when a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and ther e is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it. However, a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous. See 28 U.S.C. S 2255; United States v. Laetividal-Gonzalez, 939 F.2d 1455, 1465 (11th Cir. 1991) (quoting Holmes v. United States, 876

8

F.2d 1545, 1553 (11th Cir. 1989)), cert. denied, 503 U.S. 912 (1992), and overruled on other grounds, United States v. Giltner, 972 F.2d 1559, 1562 (11th Cir .1992). If on remand the District Court determines that Solis's counsel was ineffective, then Solis must be given the opportunity nunc pro tunc to brief his direct appeal in full. Part of that brief may include his claim that he would not have entered a plea bargain knowing that the safety valve for the mandatory minimum was blocked. We need not r each the merits of Solis's direct appeal at this junctur e, as he was not obligated to raise his direct appeal issues in his S 2255 petition. See McHale v. United States, 175 F .3d 115, 119 (2d Cir. 1999) ("petitioner need not  demonstrate that, but for the ineffectiveness of counsel, such an appeal would have succeeded or even would have had merit.") Nor must we determine whether Solis's counsel was inef fective for any other reason. Our holding is limited to the issue of Solis's entitlement to a direct appeal. The other ineffective assistance claims, if still viable, may be raised in a future S 2255 petition.

III.

Accordingly, the order denying Petitioner's motion to vacate or set aside his sentence will be vacated and the case remanded for a hearing pursuant to 28 U.S.C. S 2255.3 All other issues raised in Petitioner's S 2255 petition will be denied without prejudice. In the event the Petitioner presents another S 2255 petition, it shall be deemed his first filed petition.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit
_____

3. We note, as did the U.S. Court of Appeals for the Fourth Circuit in a similar case that resulted in a vacatur and r emand for a S 2255 hearing, that Flores-Ortega was decided after the District Court rendered its decision. See United States v. Witherspoon , 231 F.3d 923, 927 n.6 (4th Cir. 2000).