**UNITED STATES of America,**

v.

**Dameon BERRY Appellant.**

No. 01–1158.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Feb. 13, 2003.

Decided Feb. 13, 2003.

798

---

Before: ALITO and McKEE, Circuit Judges and SCHWARZER,* District Judge.

## OPINION OF THE COURT

PER CURIAM.

Dameon Berry appeals the order of the district court denying his motion for post-conviction relief under 28 U.S.C. § 2255. We granted a certificate of appealability to review Berry's claims. We now affirm the order of the district court.

### I.

Inasmuch as we are writing only for the parties and the district court, we need not set forth the factual or procedural background of this matter except insofar as may be helpful to our brief discussion.

On November 15, 1996, a jury convicted Berry of conspiracy to commit carjacking, carjacking and using a firearm in relation to a crime of violence. The evidence presented at trial established that between January 6 and January 14, 1996, Berry and two co-defendants carjacked one car and attempted to carjack two additional cars. During each incident either co-defendant Tevin Lewis or Tyrone Briggs brandished and fired a gun at the carjacking victims. On March 14, 1997, the district court sentenced Berry to a total term of imprisonment of 397 months. We subsequently affirmed the district court's judgment, *United States v. Briggs,* 135 F.3d 767 (3d Cir.1997), and the Supreme Court thereafter denied *certiorari. Berry v. United States,* 523 U.S. 1131, 118 S.Ct. 1824, 140 L.Ed.2d 960 (1998).

On April 15, 1999, Berry filed his *pro se* motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255, alleging, in part, ineffective assistance of counsel during the plea bargaining phase of the criminal proceedings. On December 7, 2000, the district court denied Berry's motion but we thereafter granted a certificate of appealability to determine whether Berry's counsel rendered constitutionally ineffective assistance and whether the district court erred in not holding a hearing on Berry's claim of ineffective assistance of counsel. We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

### II.

Berry first argues that his trial counsel was ineffective in incorrectly advising him that he faced a maximum penalty of ten years imprisonment but "stood a good chance of prevailing at trial" as well as informing Berry that "he could not plead guilty unless he agreed to cooperate." Berry claims that had he been fully aware that he was facing 397 months imprison-

---

* Honorable William W Schwarzer, Senior District Judge, e, Northern District of California     sitting by designation.

ment if convicted at trial, he would have pled guilty, and had a more favorable sentence imposed. Berry's second argument is that the district court abused its discretion by denying his § 2255 motion without first holding an evidentiary hearing with regard to his ineffective assistance of counsel claim. We address each of Berry's contentions in turn.

## A.

In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth the two pronged standard used to evaluate claims of ineffective assistance of counsel. In order to prevail on a claim of ineffective assistance the defendant must show that "counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052; *see also United States v. Kauffman*, 109 F.3d 186, 190 (3d Cir.1997).

To demonstrate that counsel's performance was deficient, the defendant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.

> [The court] must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omission of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

*Id.* at 690, 104 S.Ct. 2052.

The prejudice inquiry requires the defendant to establish that "there is a rea-sonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. 2052. "Our inquiry must exclude the possibility of arbitrariness, whimsy, caprice, 'nullification,' and the like. A defendant has no entitlement to the luck of a lawless decisionmaker, even if a lawless decision cannot be reviewed.... It should not depend on the idiosyncracies of the particular decisionmaker, such as unusual propensities toward harshness or leniency." *Id.* at 695, 104 S.Ct. 2052.

The defendant must establish both prongs of the inquiry for "[f]ailure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700, 104 S.Ct. 2052.

■ Berry's claim of ineffectiveness can not succeed because his counsel's assessment that Berry "stood a good chance of prevailing at trial" was a realistic assessment of his case that did not fall below the standard of performance necessary to establish an ineffectiveness claim. Defense counsel knew that only one prosecution witness could identify Berry, and that only tied him to the January 6, 1996 carjacking. Moreover, that eyewitness, David Keane, only briefly observed Berry at night when the opportunity to observe was not optimal. The victims of the other two attempted carjackings never saw Berry at all. Given this evidence, Counsel's assessment of Berry's chances at trial was indeed reasonable.

■ Counsel's advice that Berry "not plead guilty unless he agreed to cooperate" with law enforcement authorities was also objectively reasonable. Berry was unwilling to cooperate with the government or

plead guilty to all of the pending charges. His denial of any involvement in the criminal conduct, and his failure to offer any cooperation would likely have precluded the government from recommending favorable sentencing treatment had he pled guilty.

■ However, the government does concede that if, as Berry alleges, his attorney advised him that he faced a maximum sentence of ten years imprisonment upon conviction, counsel's advice was erroneous and therefore breached his duty "to advise his client fully on whether a particular plea to a charge appears to be desirable," *Boria v. Keane,* 99 F.3d 492, 496 (2d Cir.1996). However, even assuming that counsel's performance was deficient, Berry cannot establish prejudice because he has not shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052. As the district court pointed out, because Berry would not plead guilty to all of the charges, the court would have been unlikely to find that he had clearly demonstrated acceptance of responsibility. Therefore, Berry would not have received the three level downward adjustment to his offense that might otherwise have applied pursuant to U.S.S.G. § 3E1.1. Clearly, the government would not have moved for a downward departure from the applicable guideline range under U.S.S.G. § 5K1.1 because of Berry's steadfast refusal to provide "substantial assistance in the investigation or prosecution" of his co-defendants. Accordingly, Berry cannot prove that a guilty plea would have resulted in a different sentence, and therefore he has not established the necessary prejudice under *Strickland.*

## B.

■ Berry also challenges the propriety of the district court's decision to dismiss his § 2255 motion without first holding an evidentiary hearing on counsel's effectiveness. The decision to conduct an evidentiary hearing is committed to the sound discretion of the district court. *Government of the Virgin Islands v. Forte,* 865 F.2d 59, 62 (3d Cir.1989). We review the dismissal of a petition brought under § 2255 for abuse of discretion. *Solis v. United States,* 252 F.3d 289, 293 (3d Cir. 2001). While the court must accept the allegations of the defendant's § 2255 motion as true in such a case, it may deny the petition without a hearing if the "files and records of the case show conclusively that the movant is not entitled to relief." *Forte,* 865 F.2d at 62. Otherwise, where facts are in dispute, an evidentiary hearing is required. *Solis,* 252 F.3d at 294.

Here, the district court properly found that Berry was not entitled to relief, based upon uncontested facts, and accepting Berry's contested allegations as true. We will therefore affirm the order of the district court.