UNITED STATES of America,

v.

Nakia JEFFRIES, Appellant.

No. 02–3407.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit
LAR 34.1(a) July 23, 2003.

Decided Aug. 25, 2003.

William A. Behe, Office of United States Attorney, Harrisburg, PA, for Appellee.

Daniel I. Siegel, Office of Federal Public Defender, Harrisburg, PA, for Appellant.

Before ALITO, FUENTES, and BECKER, Circuit Judges.

OPINION OF THE COURT

ALITO, Circuit Judge.

Nakia Jeffries ("Jeffries") appeals an order of the United States District Court for the Middle District of Pennsylvania ("District Court") denying Jeffries's motions under 28 U.S.C. § 2255. Jeffries claims that his counsel at his plea bargain and sentencing, Sanford Krevsky ("Krevsky"), was constitutionally ineffective because Krevsky failed to file a notice of appeal as Jeffries requested. For the reasons stated below, we affirm the order of the District Court.

Because we write only for the parties, we need not describe the factual background of this case. Jeffries argues that the District Court found that Jeffries asked Krevsky to file an appeal of Jeffries's conviction and sentence, and that the District Court should have therefore concluded that Krevsky's failure to do so was per se ineffective under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Our review of the question whether Jeffries received ineffective assistance is plenary. *United States v. Kauffman,* 109 F.3d 186, 187 (3d Cir. 1997); *Dooley v. Petsock,* 816 F.2d 885, 889 (3d Cir.1987).

In support of his argument, Jeffries refers us to the Supreme Court's decision in *Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). In *Flores–Ortega,* the defendant pled guilty

to one count of second-degree murder and was sentenced by a state court. The defendant's counsel did not file a notice of appeal within the time period prescribed by state law. The defendant then filed a federal habeas petition, claiming that counsel was ineffective because she failed, contrary to the defendant's wishes, to file a notice of appeal. An evidentiary hearing was held before a Magistrate Judge. The Magistrate Judge found that the defendant failed to prove that he instructed counsel to file an appeal, but that counsel did not consult with the defendant regarding whether the defendant wanted counsel to appeal. The question before the Court was whether counsel's failure to consult with the defendant regarding the possibility of an appeal was per se ineffective. In dictum on which Jeffries relies, however, the Court noted that "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." *Flores–Ortega,* 528 U.S. at 477 (citing *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)). We adopted this dictum in our holding in *Solis v. United States,* 252 F.3d 289 (3d Cir.2001). *See Solis,* 252 F.3d at 293–94 ("Prejudice is presumed from counsel's failure to file a notice of appeal when so requested by a client.").

Jeffries contends that the District Court made a specific factual finding to the effect that Jeffries requested that Krevsky file a notice of appeal and that therefore, under *Flores–Ortega,* Krevsky's failure to file such a notice was per se ineffective. To support this contention, Jeffries cites the District Court's statement that "when Jeffries talked about appealing the sentence, Krevsky interpreted this direction as a request to file a motion to reconsider the sentence." App. at 50. According to Jeffries, this passage clearly indicates that

the District Court found that Jeffries told Krevsky to file a notice of appeal.

Jeffries's reading of the District Court's opinion, however, is inconsistent with other portions of that opinion's language. In rejecting Jeffries's ineffective assistance claim, the District Court stated that "[w]ere Jeffries able to establish that he requested that his attorney file an appeal and counsel failed to do so, the criteria for ineffective assistance would be satisfied." *Id.* at 51. The Court added: "However, where, as here, counsel *had no reason to think that Jeffries would want to appeal,* and further, Jeffries demonstrated to counsel a desire to reduce his sentence, but *not any desire to appeal to the Court of Appeals,* counsel's performance was not deficient." *Id.* (emphasis added).

It would not have made sense for the District Court to find both (1) that Jeffries told Krevsky to appeal and (2) that Krevsky "had no reason to think that Jeffries would want to appeal." The District Court's statement that Jeffries "talked about appealing the sentence" is thus best read to mean that Jeffries and Krevsky discussed (at least briefly) the possibility of appealing Jeffries's sentence, but that Jeffries never gave Krevsky a specific instruction. This reading of the District Court's opinion is consistent with Krevsky's testimony at the evidentiary hearing, in which he stated that he "did not think [Jeffries] had any appealable issues, and" that Krevsky "shared [his view] with [Jeffries's] family." *Id.* at 133. It thus appears that the District Court credited Krevsky's testimony that he and Jeffries discussed the prospects of success in an appeal but that Jeffries never told him to file one. Moreover, the District Court's conclusion to that effect is amply supported by the record.

For these reasons, we do not believe that the District Court made a finding of

fact to the effect that Jeffries instructed Krevsky to file a notice of appeal. As such, Krevsky's assistance was not per se ineffective under *Flores–Ortega.* We have considered all of Jeffries's arguments, but we conclude that the District Court did not err in holding that Krevsky did not afford Jeffries ineffective assistance. Accordingly, we affirm the order of the District Court denying Jeffries's 28 U.S.C. § 2255 motions.