

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2003

# USA v. Molina

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1704

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Molina" (2003). *2003 Decisions.* Paper 253.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/253

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-1704

———

UNITED STATES OF AMERICA

v.

GUSTAVO MOLINA,
a/k/a GUSTABO MOLINA

Gustavo Molina,
                              Appellant

———

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. No. 00-cr-00703)
District Judge: Honorable Kathryn S. Hayden

———

Submitted under Third Circuit L.A.R. 34.1(a)
September 16, 2003

Before: ALITO , AMBRO and CHERTOFF, Circuit Judges.

(Filed: September 25, 2003 )

_____

OPINION
_____

1

CHERTOFF, <u>Circuit Judge</u>

Gustavo Molina was convicted of conspiring to obstruct interstate commerce in violation of 18 U.S.C. § 1951. On direct appeal from the final judgment of conviction, Molina alleges that the ineffective assistance of counsel he received in the underlying proceedings prejudiced him in that he received a sentence at the top of the applicable guideline range. We will affirm the judgment.

**I.**

In or about October 2000, Gustavo Molina, Diego Jaramillo, and Gabino Rivera conspired to rob an armored truck with force at a Home Depot store in Bloomfield, N.J. On October 14, the three men executed their plan, but their scheme was foiled by the armored truck driver. The three men were arrested and convicted for the attempted robbery. Molina himself pled guilty to a one-count indictment charging him with conspiracy to commit robbery, in violation of 18 U.S.C. § 1951. He was sentenced to 78 months imprisonment.

Molina did not file a timely notice of appeal. He moved for habeas corpus relief under 28 U.S.C. § 2255, for the purpose of seeking to reinstate his right to file a notice of appeal. The District Court granted the relief, and this appeal from the original judgment followed.

Molina now challenges his sentence, asserting that his attorney was ineffective because counsel was "inattentive" throughout the proceedings and made "inappropriate

2

and inapplicable arguments" at sentencing. In particular, Molina criticizes his counsel's decision to challenge the Pre-Sentence Report (P.S.R.) over its suggestion that Molina attacked the armored car guard with a metal pipe.

**II.**

To show ineffective assistance of counsel, a defendant must satisfy the two-prong standard adopted in Strickland v. Washington, 466 U.S. 668 (1984). First, the defendant must show that counsel's advice was unreasonable, id. at 690, and not "within the range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-67 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). We must review a defendant's ineffectiveness claim under the "strong presumption that the counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (internal citations omitted). Second, the defendant must show "prejudice," i.e., that there is a "reasonable probability" that the deficient assistance of counsel affected the outcome of the proceeding at issue. Id. at 694.

Because they are often highly fact-bound, claims of ineffective assistance of counsel are generally not considered on direct appeal. United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998); see also Massaro v. United States, 123 S. Ct. 1690, 1694 (2003). Instead, "the proper avenue for pursuing such claims is through a collateral

proceeding in which the factual basis for the claim may be developed." Haywood, 155 F.3d at 678, (quoting United States v. Theodoropoulos, 866 F.2d 587, 598 (3d Cir. 1989)). The preferable course is for defendants to raise their claims of ineffectiveness in a motion pursuant to 28 U.S.C. § 2255 before the district court. Massaro, 123 S. Ct. at 1694; see also United States v. Jake, 281 F.3d 123, 132 n.7 (3d Cir. 2002) (citing cases).

"There is, however, a narrow exception to the rule that defendants cannot attack the efficacy of their counsel on direct appeal. Where the record is sufficient to allow a determination of ineffective assistance of counsel, an evidentiary hearing to develop the facts is not needed." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991); see United States v. Cocivera, 104 F.3d 566, 570-71 (3d Cir.1996).

Molina's ineffective assistance claims do not fall within this narrow exception. Molina argues that by contesting the P.S.R.'s suggestion that Molina had personally assaulted the guard with a metal pipe, counsel highlighted the violent nature of the offense, thereby causing the District Court to sentence Molina at the high end of the applicable Guidelines range. Molina also alleges that counsel was inattentive, as evidenced by counsel's alleged contradiction of defendant's sworn answers during his Rule 11 hearing, and by counsel's making downward departure motions that were not supported by the facts.

These assertions require a fairly particular factual dissection of both the tactics of the defense counsel and the supposed prejudice, if any. But the record before us is not

4

sufficiently developed to allow us to undertake that dissection. Indeed, there is a fair amount of internal contradiction. For example, the District Court held status conferences prior to defendant's plea colloquy to address a complaint Molina had about counsel, but Molina later stated that retained counsel had been attentive. Molina expressed satisfaction with counsel at both his plea and at sentencing. Molina also admitted discussing the plea agreement and reviewing the P.S.R. in detail with his counsel.

To be sure, testimony concerning Molina's present allegation of ineffectiveness at sentencing was elicited at his § 2255 hearing seeking to reinstate his notice of appeal. And the District Judge did make comments about the apparent relationship between counsel and client. But the focus of the § 2255 hearing was on the failure to file the notice. The District Court addressed its consideration to that narrow issue, not to the present allegations about ineffective assistance in general.

Thus, we are not confident that the record is developed regarding either the performance or prejudice elements of counsel's alleged ineffectiveness at plea and sentencing. Certainly, the District Court did not pass on these broader issues. Without a fully developed record, we do not believe this appeal falls within the Headley exception.

We will affirm the District Court's judgment of sentence without prejudice to the raising of this ineffectiveness claim in a motion under 28 U.S.C. § 2255.[1]

---

[1] The District Court's order specifically preserved Molina's right to file a new § 2255 petition as a "first filed" petition, in accord with the approach employed in Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).

5

TO THE CLERK:

Please file the foregoing opinion.

/s/ Michael Chertoff

Circuit Judge