

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-15-2004

# USA v. Allen

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2093

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Allen" (2004). *2004 Decisions.* Paper 1092.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1092

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2093
_____

UNITED STATES OF AMERICA

v.

ROBERT LEE ALLEN,
Appellant
_____

Appeal from the United States District Court
For the Eastern District of Pennsylvania
D.C. No.: 00-cr-00361-4
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a) December 16, 2003

Before: ROTH, McKEE, and ROSENN, Circuit Judges

(Filed: January 15, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The appellant, Robert Lee Allen, was convicted in the United States District Court

for the Eastern District of Pennsylvania in February 2001 of one count of armed bank

robbery in violation of 18 U.S.C. § 2113(d), using a firearm during a bank robbery in

violation of 18 U.S.C. § 924(c) and aiding and abetting in violation of 18 U.S.C. § 2.  His

counsel did not file a notice of appeal although appellant claims he so requested.

Following the petitioner's plea of guilty in September 2000, the court sentenced him in February 2001 to 110 months in prison with five years of supervised release and fined him $5000. In June 2001, Allen filed a motion to vacate, set aside, or correct sentence, alleging, among other things, that his counsel was constitutionally ineffective for not filing a notice of appeal for the conviction and sentence. The District Court dismissed the motion with prejudice in February 2002 with the exception of the ineffective assistance of counsel claim. On appeal to this court, the petitioner claims that the District Court applied an incorrect legal standard when it interpreted a prejudice prong of Strickland v. Washington, 466 U.S. 668 (1984) to mean that Allen's counsel was constitutionally ineffective for not filing a notice of appeal at Allen's request only if Allen could show that the appeal was meritorious. The petitioner argues that to prove his ineffective assistance of counsel claim under the Sixth Amendment, he need not show the merit of his appeal, but only must show (1) that counsel's representation fell below an objective standard of reasonableness, Strickland, 466 U.S. at 687, and (2) that counsel's deficient performance prejudiced the defendant. Id. at 692. We agree.

Prejudice is sufficient to satisfy the second prong of Strickland. Prejudice is presumed from counsel's failure to file a Notice of Appeal when requested by his client. Solis v. United States, 252 F.3d 289, 293 (3d Cir. 2001). The District Court, however, concluded that Allen must in addition demonstrate in his 28 U.S.C. § 2255 motion that his

2

appeal had some merit.  Under Roe v. Flores-Ortega, the petitioner must only show that "but for counsel's inefficient conduct, he would have appealed."  528 U.S. 470, 486 (2000).  He need do no more because prejudice flows from the failure of counsel to file a Notice of Appeal.  Counsel's failure deprived his client of more than a fair judicial proceeding; "that deficiency deprived respondent of the appellate proceeding altogether."  Id. at 483.

Thus, if after an evidentiary hearing, the District Court is satisfied that Allen did ask his lawyer to file a Notice of Appeal and the lawyer failed to act affirmatively, Allen must be re-sentenced so that he can proceed with his appeal.  In his brief to this court, the Government acknowledges that the defendant is entitled to an evidentiary hearing without showing that his appeal likely would have merit.  The Government agrees that where, as here, "the issue in dispute can not be resolved by reference to the record, the District Court is required to conduct an evidentiary hearing.  The Government concurs with the brief filed by the appellant's counsel."

II.

Accordingly, the judgment of the District Court is vacated and the case is remanded for further proceedings not inconsistent with this opinion.

---

TO THE CLERK:

Please file the foregoing opinion.

/s/ Max Rosenn, Circuit Judge