

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-2-2006

# USA v. Morin

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4234

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Morin" (2006). *2006 Decisions*. Paper 1486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4234
_____

UNITED STATES OF AMERICA

v.

SHAWN E. MORIN,
Appellant

_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Criminal No. 03-cr-00279)
District Judge: Honorable William L. Standish

_____

Submitted For Determination of Whether a Certificate of Appealability
Should Issue and Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 6, 2006

Before: RENDELL, AMBRO and GREENBERG, Circuit Judges.

(Filed March 2, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

On April 14, 2004, Shawn Morin pled guilty to bank robbery.  He was

subsequently sentenced to fifty-seven months in prison.  Morin did not file a direct

appeal. In June 2005, he filed a motion pursuant to 28 U.S.C. § 2255. Morin alleged that his counsel told him that he was facing a sentence of only twenty-four to thirty months. He also claimed that his counsel failed to file a notice of appeal after he requested him to do so. The District Court denied the § 2255 motion. It determined that Morin was not prejudiced by any failure to file a notice of appeal because his other claim of ineffective assistance of counsel was without merit. Morin filed a timely notice of appeal which we have construed as a request for a certificate of appealability. See Fed. R. App. P. 22(b)(2). On December 8th, pursuant to this Court's November 30th order, the government filed a response.

In Solis v. United States, 252 F.3d 289 (3d Cir. 2001), we remanded an appeal with an identical claim for an evidentiary hearing. "In this case, Solis claims that he directed his attorney to file an appeal, but that his attorney failed to comply. On its face, this creates a question of fact whether Solis directed his attorney to file an appeal. If he did, then Solis's Sixth Amendment right to counsel was violated by his counsel's failure to act." Id. at 294. The Supreme Court has noted that "[w]e have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) citing Rodriguez v. United States, 395 U.S. 327 (1969). The Court later explained that if such allegations were true, there was a presumption of prejudice because the petitioner was deprived of an appellate proceeding altogether. Id. at 483. The Court also

2

noted that it is unfair to expect a pro se litigant to demonstrate that his appeal would have had merit. Id. at 486.

Because Morin's allegations present the factual question of whether he requested his attorney to file a notice of appeal and prejudice is presumed if the allegations are true, the District Court erred in denying the § 2255 motion without holding an evidentiary hearing. In its response, the government stated that it does not oppose a limited remand for reconsideration of the sole claim that counsel was ineffective for failing to file a notice of appeal. However, given our disposition of that claim, it is not necessary for us to address Morin's other claim of ineffective assistance of counsel with respect to the possible sentence Morin was facing. Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001) ("Nor must we determine whether Solis's counsel was ineffective for any other reason. Our holding is limited to the issue of Solis's entitlement to a direct appeal. The other ineffective assistance claims, if still viable, may be raised in a future § 2255 petition.").

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will grant a certificate of appealability, summarily vacate the District Court's August 3, 2005, order, and remand the matter for further proceedings. See Third Circuit I.O.P. 10.6. Morin has filed a motion for an extension of time to file a reply to the government's response. Because we are remanding the matter on both claims, we will deny his motion as moot.