**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-1464
_____

UNITED STATES OF AMERICA

v.

REGINALD STEPHENS
a/k/a
"BIG REG"

Reginald Stephens,
                              Appellant

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(District Court No. 2:10-cr-00620-005)
District Judges: Hon. Lawrence F. Stengel and Hon. Michael M. Baylson

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 15, 2025

(Filed: October 15, 2025)

Before:  RESTREPO, RENDELL and SMITH, *Circuit Judges*.
_____

O P I N I O N\*
_____

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

**RENDELL**, *Circuit Judge*.

Appellant Reginald Stephens appeals the summary denial of his 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel. He asks us to reverse the District Court's ruling, or, alternatively, to vacate and remand for an evidentiary hearing. While the record does not conclusively demonstrate that Stephens is entitled to relief, it also does not conclusively show that he is not so entitled. Accordingly, we will vacate and remand for the District Court to conduct an evidentiary hearing.

I.

From 2001 through 2008, Stephens was a street dealer for the "Harlem Boys" gang. In September 2011, Stephens and nineteen other individuals associated with the Harlem Boys were charged with various offenses related to drug dealing and firearm activities. Stephens was named in several counts for conspiracy to participate in racketeering, conspiracy to distribute crack and marijuana, possession with intent to distribute marijuana, carjacking, and using and carrying a firearm during a crime of violence (i.e., the carjacking). He decided to forgo a guilty plea and proceed to trial, and a jury found him guilty on all counts. At sentencing, he faced a guideline range of 360 months to life. The District Court varied downward in light of Stephens' expressed remorse and imposed a 300-month sentence.

The communications between Stephens and his attorney William Cannon in the time leading up to trial are key to this case, as Stephens alleges that he would have accepted a 240-month plea deal but for Cannon's misguided advice regarding the career offender provision of the sentencing guidelines, U.S.S.G. § 4B1.1. All parties thought

2

that Stephens was a career offender until reading the PSR, which clarified that he did not in fact qualify for the enhancement.[1]

Stephens alleges that he "wanted to plea [sic] to a favorable agreement" "at an early stage of the [plea] negotiation process," but chose not to because Cannon "told him that he would fall into the category of career offender and would be subject to a mandatory minimum 20-year sentence[2] and thus it would not be beneficial to plead guilty and enter into a plea agreement except upon cooperation." App. 417 (footnote added). These allegations are consistent with statements made before and during sentencing: in his sentencing memorandum and at sentencing, Stephens said that the Government offered him a 20-year plea deal, which he rejected. And, most notably, Cannon told the District Court at sentencing:

> I'd like to tell you a little quick story, Judge, about the fact that but for a mistaken impression on the part of the government that Reginald Stephens may never had been part of this trial.
>
> . . .
>
> Judge, when we were deciding upon whether to go to trial or work out a plea, you know, we were being told by the government look, your guy is a career offender and we start with a 20-year mando. That was wrong. It wasn't deliberate on the part of the government. They weren't trying to mislead us.

---

[1] In most cases, if the career offender enhancement applies, it results in a higher offense level and thus a higher guideline range. Here, however, it is undisputed that even if the career offender enhancement *had* applied, it would not have changed Stephens' guideline range.

[2] This could have been a separate reference to the fact that Stephens initially faced a twenty-year mandatory minimum, because his conspiracy and carjacking charges each carried ten-year mandatory minimums that had to be imposed consecutively. The record shows that Cannon accurately communicated these statutory mandates to Stephens, and also (accurately) informed him that he faced only a ten-year mandatory minimum after the Government dropped the carjacking charges.

But they were wrong. If my client knew that he was not a career offender and his mando was just ten years, you know, we may never have had Mr. Stephens as a part of this trial.

App. 364–65.[3] Moreover, there was no evidence that Cannon informed Stephens of his 360 months to life guideline range at any point before trial.

Based on the forgoing, Stephens filed a § 2255 motion alleging ineffective assistance of counsel. The District Court ordered the Government to respond, after which it denied Stephens' § 2255 motion without an evidentiary hearing.[4]

We granted Stephens a certificate of appealability. We are now tasked with assessing (1) whether the District Court erred in denying Stephens' § 2255 motion and (2) whether the District Court abused its discretion by denying the motion without a hearing.

II.[5]

As the District Court correctly acknowledged, the Sixth Amendment right to effective counsel extends to the plea-bargaining context, and so we apply the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *United States v. Day*, 969 F.2d 39, 43–45 (3d Cir. 1992); *Lafler v. Cooper*, 566 U.S. 156, 162–64 (2012). *Strickland*'s two-prong test asks (1) whether counsel's performance was deficient, and (2) whether the deficient performance prejudiced the defense. 466 U.S. at 687.

---

[3] We presume "mando" is shorthand for "mandatory minimum."
[4] Two months later, Stephens filed a pro se Rule 59(e) motion to alter or amend the judgment. *See* Fed. R. Civ. P. 59(e). The court denied his motion.
[5] The District Court had jurisdiction over Stephens' petition for writ of habeas corpus under 28 U.S.C. § 2255. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 2253.

To establish the first prong (deficient performance), the petitioner must show that "his or her attorney's performance was, under all the circumstances, unreasonable under prevailing professional norms." *Day*, 969 F.2d at 42 (citing *Strickland*, 466 U.S. at 687–91). In the plea-bargaining context, "familiarity with the structure and basic content of the Guidelines (including the definition and implications of career offender status) has become a necessity for counsel who seek to give effective representation," *id.* at 43. Criminal defense attorneys need not provide "a detailed exegesis of the myriad arguably relevant nuances of the Guidelines." *Id.* But an attorney's performance is substandard where the information and advice they provide is "so incorrect and so insufficient that it undermine[s the defendant's] ability to make an intelligent decision about whether to accept the offer." *Id.*

To establish the second prong of the *Strickland* analysis (prejudice), a petitioner must show that "the outcome . . . would have been different with competent advice." *Lafler*, 566 U.S. at 163. When a *Strickland* claim arises in the plea bargaining context—as it does here—to establish prejudice, the petitioner must show "that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.,* that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the . . . sentence . . . under the offer's terms would have been less severe than under the . . . sentence that in fact w[as] imposed." *Id.* at 164.

Section 2255 directs courts to conduct an evidentiary hearing unless, taking all of the petitioner's non-frivolous allegations as true, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see Solis v. United States*, 252 F.3d 289, 295 (3d Cir. 2001). This standard is not demanding. To be entitled to a hearing, Stephens "need not 'prove' anything . . . He must simply allege a set of facts that is not frivolous or clearly contradicted by the record and that demonstrates (if assumed to be true) that he would plausibly be entitled to relief under *Strickland*." *United States v. Arrington*, 13 F.4th 331, 335 (3d Cir. 2021). Dismissal of a § 2255 petition without a hearing amounts to an abuse of discretion where "the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005).

## III.

The District Court concluded that no evidentiary hearing was necessary because the record conclusively demonstrated that Stephens could not show prejudice.[6] The District Court reasoned that, while Cannon incorrectly told Stephens he qualified as a career offender, the career offender enhancement did not impact Stephens' guideline range. So, the District Court concluded, Stephens could not show that he would have pleaded guilty absent Cannon's error. The District Court reasoned that he "decided to go to trial because he believed he faced a sentence of 360 months up to life imprisonment

---

[6] The District Court noted that it was "unable to conclusively determine that trial counsel was not ineffective" but that such a determination was unnecessary, as Stephens could not demonstrate prejudice. App. 18 n.2.

regardless of whether he pleaded guilty or went to trial," not because he knew he was a career offender or believed he faced a 20-year mandatory minimum sentence. App. 18. In other words, had he known he was not a career offender, he still would have decided to go to trial, in that he still would have faced a 360-months-to-life guideline range regardless of whether he pleaded guilty or went to trial.[7]

The flaw in the District Court's reasoning lies in its assumption that Stephens proceeded to trial based on his guideline range. Stephens does not allege that he rejected the Government's offer because of his high guideline range; he alleges that he rejected the offer because Cannon told him it was not beneficial, as he was a career offender subject to a twenty-year mandatory minimum. In fact, the record does not indicate that Cannon told Stephens his guideline range until *after* trial. Thus, in light of Stephens' allegations and the record, there may be a reasonable probability that, but for Cannon's erroneous advice, "the plea offer would have been presented to the court," "the court would have accepted its terms," and the 20-year "sentence . . . under the offer's terms would have been less severe than" the 25-year sentence that was imposed. *Lafler*, 566 U.S. at 163. At the very least, we cannot "conclusively" say that Stephens "is entitled to no relief" based on *Strickland*'s prejudice prong. 28 U.S.C. § 2255(b).

Similarly, if Stephens can demonstrate that Cannon told him the career offender provision carries a 20-year mandatory minimum sentence, he can establish deficient

---

[7] The District Court correctly observed that the three-level acceptance of responsibility reduction that typically accompanies plea agreements also would not have impacted Stephens' guideline range.

performance. The Government urges that it is "unlikely in the extreme that the very experienced Cannon" made such a "grievous error," but that argument eschews the standard of review at this stage and emphasizes why an evidentiary hearing is needed. Appellee's Br. 27 n.6. As discussed above, Stephens' allegation that Cannon misinformed him about the import of the career offender provision finds support in the record and is therefore neither "contradicted conclusively by the record" nor "patently frivolous," so it must be accepted as true at this juncture. *Solis*, 252 F.3d at 295. And, as the Government suggests, any criminal defense attorney would have been aware that if the career offender provision applies, the resulting guideline range is still "advisory." Appellee's Br. 27 n.6. So, if Cannon advised Stephens that this provision carried a mandatory minimum sentence, his performance was "unreasonable under prevailing professional norms." *Day*, 969 F.2d at 42.

In sum, we cannot say that this is the rare *Strickland* case where the record is so clear that a hearing would be frivolous.[8] The District Court abused its discretion in concluding otherwise. *See Booth*, 432 F.3d at 546.

---

[8] Given the ambiguities in the record, we decline Stephens' invitation to flat out *reverse* the District Court's order. *See United States v. Gaviria*, 116 F.3d 1498, 1512 (D.C. Cir. 1997) (opining that, where there has been no § 2255(b) evidentiary hearing in the district court, "we normally do not resolve [ineffective assistance of counsel claims] on direct appeal, instead remanding to the district court").

IV.

For these reasons, we will vacate the District Court's order and remand the case for a hearing pursuant to 28 U.S.C. § 2255.