**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-3687

_____

UNITED STATES OF AMERICA

v.

JAMES BERNARD ARMSTRONG, JR.,

Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1-11-cr-00089-001)
District Judge: Honorable Lawrence F. Stengel

_____

Argued November 18, 2014

Before: AMBRO, SCIRICA and ROTH, Circuit Judges

(Opinion filed: January 26, 2015)

Christy H. Fawcett, Esq.  [Argued]
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

*Attorney for Appellee*

Alison Brill, Esq.  [Argued]
Office of Federal Public Defender
22 South Clinton Avenue

Station Plaza #4, 4th Floor
Trenton, NJ 08609

Richard Coughlin, Esq.
Office of Federal Public Defender
800-840 Cooper Street
Suite 350
Camden, NJ 08102

Karina D. Fuentes, Esq.
Office of Federal Public Defender
1002 Broad Street
Newark, NJ 07102

*Attorneys for Appellant*

———————————

OPINION[*]

———————————

ROTH, Circuit Judge

Following a jury trial, James Bernard Armstrong, Jr., was convicted of conspiracy to

distribute controlled substances,[1] distribution of controlled substances,[2] and possession of

a firearm in furtherance of drug trafficking.[3]  On appeal, Armstrong challenges his

convictions on two grounds:  (1) that the evidence adduced at trial was insufficient to

convict him of possession of a gun in furtherance of drug trafficking, and (2) that the trial

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] 21 U.S.C. § 846.
[2] 21 U.S.C. § 841.
[3] 18 U.S.C. § 924(c).

2

court abused its discretion by limiting the scope of cross-examination of the Drug

Enforcement Agency (DEA) agent testifying about the drug quantities. We will affirm.[4]

In reviewing a sufficiency of evidence claim, "we examine the totality of the

evidence, both direct and circumstantial, and interpret the evidence in the light most

favorable to the government as the verdict winner."[5] "If all the pieces of evidence, taken

together, make a strong enough case to let a jury find [the defendant] guilty beyond a

reasonable doubt, then we must uphold the jury's verdict."[6]

The evidence was sufficient to support Armstrong's conviction for possession of a

firearm in furtherance of drug trafficking. In evaluating this claim, we consider the

following nonexclusive factors:

> the type of drug activity that is being conducted, accessibility of the
> firearm, the type of the weapon, whether the weapon is stolen, the status of
> the possession (legitimate or illegal), whether the gun is loaded, proximity
> to drugs or drug profits, and the time and circumstances under which the
> gun is found.[7]

Armstrong's gun was loaded and in proximity to a scale with cocaine residue and

a money counter. His permit for the gun was from the State of Maryland, not

Pennsylvania, and had expired in 2008. The gun was in a master bedroom of an

apartment where only Armstrong stayed and to which multiple FedEx packages from

Southern California had been delivered. The DEA agents noted five or six cell phones in

---

[4] The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

[5] *United States v. Pavulak*, 700 F.3d 651, 668 (3d Cir. 2012) (internal quotation marks omitted).

[6] *Id.* (internal quotation marks omitted).

[7] *United States v. Bobb*, 471 F.3d 491, 496 (3d Cir. 2006) (quoting *United States v. Sparrow*, 371 F.3d 851, 853 (3d Cir. 2004)).

the apartment and Armstrong had three cell phones on his person when arrested. Armstrong's ex-girlfriend, a recipient of eight of the packages, testified that she had seen a handgun in the glove compartment of the Volvo that Armstrong had used to travel to drug transactions and to transport drugs. A recipient of five other packages testified that when he met Armstrong to discuss a drug transaction at the York Mall, he noticed a bulge at the waistband of Armstrong's clothing which "could be a gun." Finally, the narcotics expert testified that guns are "utilized to protect drug trafficking organizations" and "[a]nytime that there's large sums of money, large sums of drugs, protection is needed." Viewing the evidence in the light most favorable to the government, these facts are sufficient for reasonable jurors to find that Armstrong possessed the gun in furtherance of a drug trafficking crime.

Armstrong next challenges the District Court's "imposition on [his] counsel's cross examination" of the DEA agent. We review the District Court's decision to limit cross-examination for abuse of discretion.[8]

The Confrontation Clause does not provide an "unfettered right[ ] to cross-examine witnesses."[9] Instead, the "district court retains wide latitude . . . to impose reasonable limits on such cross-examination based on concerns about harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant."[10]

---

[8] *United States v. Chandler*, 326 F.3d 210, 213 (3d Cir. 2003).
[9] *United States v. Friedman*, 658 F.3d 342, 356 (3d Cir. 2011).
[10] *United States v. John-Baptiste*, 747 F.3d 186, 211 (3d Cir. 2014) (quotation marks, alterations, and internal citations omitted).

Armstrong contends the District Court deprived him of an opportunity to examine the foundation of the DEA agent's impermissible assertion that all of the 131 packages contained marijuana, even though only five packages were opened. We disagree. Upon review of the record, it is clear that Armstrong's counsel reached a point at which his questions had become repetitive and argumentative. Counsel asked repeated questions about the contents of the boxes. He also questioned the agent's testimony that he was "certain" there was marijuana in all 131 boxes even though other witnesses testified that they were not sure what was in the packages, and only five boxes were opened. The District Court permitted questioning on cross-examination to the extent it thought relevant and appropriate, but when such cross-examination became repetitive and cumulative, the court sustained the government's objections. The District Court's ruling "fell within those 'reasonable limits' which a trial court, in due exercise of its discretion, has authority to establish."[11]

For the foregoing reasons, we will affirm the District Court's judgment.

---

[11] *Chandler*, 326 F.3d at 219.