**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3929
_____

UNITED STATES OF AMERICA,
                                    Appellant

v.

REGINA TOLLIVER,
_____

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT
OF PENNSYLVANIA
(D.C. Crim. No.: 2-08-cr-00026-001)
District Judge:  Hon. Berle M. Schiller
_____

Argued May 21, 2015
_____

Before: FUENTES, GREENAWAY, JR., and
NYGAARD, *Circuit Judges*.

(Opinion Filed:  September 1, 2015)

ZANE DAVID MEMEGER
United States Attorney
United States Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106

ROBERT A. ZAUZMER **[ARGUED]**
Assistant United States Attorney
Chief of Appeals


K.T. NEWTON
Assistant United States Attorney
        *Counsel for Appellant*

MATTHEW STIEGLER, Esq.   **[ARGUED]**
Post Office Box 18861
Philadelphia, PA 19119
        *Counsel for Appellee*

———————

OPINION

———————


GREENAWAY, JR., *Circuit Judge*.

## I.      INTRODUCTION

The Government appeals the District Court's grant of Regina Tolliver's ("Appellee" or "Tolliver") 28 U.S.C. § 2255 motion.   Because material facts are in dispute

2

surrounding Tolliver's ineffective assistance of counsel ("IAC") allegations based on her trial counsel's failure to investigate, the District Court abused its discretion in granting the § 2255 motion without first holding an evidentiary hearing. As such, we will vacate and remand, so that a hearing may be held.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Between March and November 2007 fraudulent checks in the amount of $181,577 were cashed against the accounts of seven Citizens Bank customers in branches in upstate New York, western Pennsylvania, and Delaware. Citizens Bank senior fraud investigator Todd Swoyer ran a report for each of the compromised accounts and discovered that Tolliver's employee number was the only one used to access all seven of the customer accounts; the accounts were accessed on February 5 and 8, 2007, and on March 7, 8, and 9, 2007. Employee attendance records confirmed that only Tolliver and branch assistant manager Angela Anderson worked on all of these days. Tolliver's logbook did not indicate that she was assigned to contact any of these account holders for sales purposes on those dates or that she did, in fact, contact them.

Swoyer, United States Postal Inspector Frank Busch, and a Secret Service agent interviewed Tolliver on March 15, 2007. At trial, Swoyer testified that he reviewed Tolliver's entire logbook with her during her interview and that the only passwords in her logbook were for HR Express, a system unrelated to the systems used to access customer data. Further, he testified that Tolliver told him that she had not given her password to anyone and that she always logged off her computer when she walked away from a terminal. All

3

seven of Tolliver's former co-workers who testified said they never knew Tolliver's password or saw it written down.

A jury convicted Tolliver of bank fraud in violation of 18 U.S.C. § 1344, aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1), (c)(5), and 2, and unauthorized use of a computer in violation of 18 U.S.C. § 1030. The District Court denied a motion for acquittal or new trial. At the sentencing hearing, the District Court imposed a below-Guidelines sentence of 30 months' imprisonment, a five-year term of supervised release, and ordered Tolliver to pay $181,577 in restitution and a special assessment of $900. We affirmed on direct appeal, 451 F. App'x 97 (3d Cir. 2011), *cert. denied*, 133 S. Ct. 105 (2012).

In September 2013, Tolliver, represented by newly appointed counsel, filed a 28 U.S.C. § 2255 motion and on March 10, 2014, filed an amended motion. Tolliver claimed that her trial counsel was ineffective for various reasons, including his failure to investigate her case.[1] She asserted that subsequent investigations undertaken by her new counsel and by her private investigator, Diane Cowan, had uncovered evidence that established that she was prejudiced by her trial

---

[1] Tolliver also alleged IAC based on her trial counsel's: 1) failure to cross-examine prosecution witnesses adequately; 2) failure to prepare the character witnesses; 3) instruction that Tolliver not testify; 4) failure to object to prosecutorial misconduct; and 5) failure to prepare a sentencing memorandum. Because the District Court did not address these claims, we will not consider them here.

4

counsel's ineffectiveness. Tolliver presented this evidence as exhibits to her § 2255 motion, including: 1) documents reflecting that two of her Citizens Bank co-workers had financial difficulties and 2) affidavits asserting that additional co-conspirators, including the "ringleader" Miguel Bell and his "right hand man" Christopher Russell, denied knowing Tolliver. Tolliver also asserted that her co-workers Angela Anderson and Linda Carter knew Tolliver's password. Tolliver sought release or a new trial; or, in the alternative, an evidentiary hearing.

Magistrate Judge Jacob P. Hart issued his Report and Recommendation "recommend[ing] that the motion be denied without an evidentiary hearing," and concluding that the "motion, files and records show conclusively that the prisoner is entitled to no relief." *Id*. at 771. The District Court did not adopt the Report and Recommendation and instead granted the § 2255 motion without holding a hearing and ordered a new trial. Specifically, the District Court stated:

> The verdict against Tolliver, which relied solely on the use of her employee identification number, was only weakly supported by the record. On these facts, it was not appropriate to decline to find prejudice simply because the information which trial counsel failed to discover was something less than a smoking gun.

*United States v. Tolliver*, No. 08-026, 2014 U.S. Dist. LEXIS 96232, at *8 (E.D. Pa. July 15, 2014). In reaching this conclusion, the District Court found "that several of Tolliver's co-workers, particularly Anderson, had pressing financial needs" and stated that "although counsel argued to

the jury that the prosecution lacked evidence that the other participants in the fraud knew Tolliver, he was not able to argue affirmatively that they *denied* knowing her, because he did not interview any of them." *Id.* at \*8–9. The District Court did not comment on Tolliver's assertion that Anderson knew her password or the fact that this assertion directly contradicted a prior statement by Tolliver and the testimony of all of her co-workers.

Tolliver was ordered released on bail on July 17, 2014, and a new jury trial was set for October 6, 2014. The Government filed this appeal on September 15, 2014.

## III. ANALYSIS

The District Court had jurisdiction to consider Tolliver's 28 U.S.C. § 2255 motion pursuant to that statute. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See United States v. Allen*, 613 F.2d 1248, 1250 (3d Cir. 1980) (holding that "the grant of a new trial is a final, appealable order in proceedings under § 2255"). "[T]he district court abuses its discretion if it fails to hold an evidentiary hearing when the files and records of the case are inconclusive as to whether the movant is entitled to relief." *United States v. Booth*, 432 F.3d 542, 546 (3d Cir. 2005). "It is irrelevant whether the Government or [movant] requested the hearing because § 2255 requires the District Court to hold a hearing sua sponte when, as here, the files and records do not show conclusively that [the movant] was not entitled to relief." *Solis v. United States*, 252 F.3d 289, 294 (3d Cir. 2001).

6

## A. 28 U.S.C. § 2255 Legal Standards

28 U.S.C. § 2255(b) states: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." We have interpreted this to mean that where a "'petition allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing.'" *Booth*, 432 F.3d at 546 (quoting *United States v. McCoy*, 410 F.3d 124, 134 (3d Cir. 2005)).

Though the germane precedents all involve cases wherein a district court denied a § 2255 motion without first holding an evidentiary hearing, they apply with equal force here — where the District Court granted Tolliver's § 2255 without first holding a hearing. The same standard applies so that a district court abuses its discretion if, in the face of disputes of material fact, it grants or denies a § 2255 motion without first holding an evidentiary hearing.

A district court considering a § 2255 motion "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *Id.* at 545 (quoting *Gov't of V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989)). In the IAC context, a movant need only "raise[]

7

sufficient allegations" that his counsel was ineffective in order to warrant a hearing.[2]  *Id.* at 549.

<hr>

[2] The familiar *Strickland* standard governs whether a § 2255 movant has established an IAC claim.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The first prong requires the movant to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id.*  To establish *Strickland*'s second prong, the movant must "show[] that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Id.*  This equates to "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.* at 694.  The Government does not appear to dispute that the first *Strickland* prong is met.  Tolliver's trial counsel signed an affidavit stating that he failed to perform any investigation and relied solely on records turned over by the prosecution.  App. at 577 ("They could not afford to hire a private investigator. . . .").  Tolliver's trial counsel also admitted that he did not interview any witnesses.  *Id*. ("I do not interview witnesses myself to keep from becoming a witness in my own case, so I was not able to interview any witnesses before trial.").  "'[F]ailure to investigate a critical source of potentially exculpatory evidence may present a case of constitutionally defective representation.'"  *United States v. Travillion*, 759 F.3d 281, 293 n.23 (3d Cir. 2014) (quoting *United States v. Baynes*, 622 F.2d 66, 69 (3d Cir. 1980)).

## B.    Disputed Material Facts

The following evidence, put forth by Tolliver in her § 2255 motion, creates disputes of material fact such that a hearing is necessary before the District Court can address Tolliver's underlying claim that her trial counsel was constitutionally ineffective.

### 1.    Co-Workers' Financial Troubles

Tolliver presented evidence that her co-workers Angela Anderson and Linda Carter experienced financial difficulties and asserted that their troubles occurred around the time of the fraud. For instance, exhibits attached to Tolliver's § 2255 motion show that a foreclosure suit was initiated against Anderson on March 6, 2006 and discontinued on April 3, 2006. The exhibits also show that Discover Bank initiated a suit against Anderson on August 23, 2005 alleging that Anderson owed a balance of $5,944.65; this suit was discontinued on January 12, 2007. Other exhibits attached to Tolliver's amended § 2255 motion show that Carter was sued by a school district for unpaid school taxes in the amount of $6,164.54. The school district suit against Carter was filed on June 28, 2007, and she satisfied her debt by February 29, 2008. Tolliver argues that this evidence establishes that her co-workers had a stronger motive than she to commit the Citizens Bank fraud.

### 2.    Not Known by Co-Conspirators

Tolliver appended affidavits to her § 2255 motion from co-conspirators Miguel Bell and Christopher Russell asserting that they do not know her. Tolliver also submitted affidavits from Cowan (her private investigator), which state

9

that five identified co-conspirators allegedly informed Cowan that they did not know Tolliver (Rashin Owens, Victor O'Connor, Elton Harris, Michael Merin, and Tiffany Brodie), however these individuals either refused or failed to complete an affidavit to that effect.[3]

Tolliver argues that this evidence establishes that she could not have taken part in the Citizens Bank fraud. However, as the Government argues in its Reply Brief, no one has asserted or established that each of the middle men involved in this fraud was apprehended. Reply Br. at 9. Additionally, nothing in the Bell and Russell affidavits suggests that they necessarily would have known Tolliver if she had been involved in the fraud.

### 3. An Evidentiary Hearing Is Required

Based on Tolliver's newly presented evidence, the District Court concluded: 1) that "a reasonable probability clearly exists that, if the jury knew that several of Tolliver's co-workers, particularly Anderson, had pressing financial needs which Tolliver lacked, it could have changed the

---

[3] To satisfy the prejudice prong of *Strickland* the movant "must establish a reasonable probability — one sufficient to undermine our confidence in the outcome — that the jury's verdict would have been different if not for counsel's errors. Such a showing may not be based on mere speculation about what the witnesses [the attorney] failed to locate might have said." *United States v. Gray*, 878 F.2d 702, 712 (3d Cir. 1989) (internal citations omitted).

outcome at trial"; and 2) that "it is now clear that not even those identified as 'insiders' knew [Tolliver]," a fact that, had it been known by trial counsel, "would have meaningfully strengthened his defense." *Tolliver*, 2014 U.S. Dist. LEXIS 96232, at *8–9.

The problem with these conclusions is that the District Court failed to follow the procedure put forth in § 2255: where there are disputes of material fact, the first step is to hold an evidentiary hearing. Only then, after Tolliver's factual assertions have been tested, is the District Court in the position to assess the merits of her underlying IAC claim and to grant or deny her § 2255 motion. It was an abuse of discretion for the District Court not to hold a hearing to resolve these disputes before granting Tolliver's § 2255 motion.[4] *Booth*, 432 F.3d at 546.

---

[4] The District Court did not specifically address Tolliver's contention that her password was not, in fact, secure and was known by her co-workers, including Anderson. However, at trial, the Government presented evidence that, when interviewed by Swoyer and Busch, Tolliver stated that she complied with Bank policy by not writing down her password and keeping it secret from her co-workers. Tolliver specifically told Swoyer and Busch that she kept a list of her passwords for other programs (e.g., the HR system), but, in keeping with the Bank's policy, did not write down her password for accessing customer data. Additionally, as the District Court noted when it denied Tolliver's post-trial motion for acquittal, "all of Defendant's former co-workers who testified at trial stated that they did not know Defendant's password." App. at 52. This is an additional disputed material fact that must be addressed at an

11

## IV. CONCLUSION

For the foregoing reasons we will vacate and remand with instructions that the District Court hold an evidentiary hearing to resolve the disputes of material fact.

---

evidentiary hearing. The materiality of whether Tolliver's password was secret is underscored by Swoyer's testimony on cross-examination that he was not aware of a single bank fraud conspiracy where an employee's password was compromised and used by a co-worker to commit a fraud.