NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3026
_____

UNITED STATES OF AMERICA

v.

JAMES BERNARD ARMSTRONG, JR.,
Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:11-cr-00089-001)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 28, 2019

BEFORE:  SMITH, *Chief Judge*, HARDIMAN, and PHIPPS, *Circuit Judges*

(Filed: January 17, 2020)

_____

OPINION[*]
_____

_____

   [*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

HARDIMAN, *Circuit Judge*.

James Bernard Armstrong, Jr. appeals an order of the District Court denying his motion to vacate sentence under 28 U.S.C. § 2255. Armstrong was tried and convicted on three federal drug and firearm counts. He claims his trial counsel was ineffective in advising him to reject the Government's plea offer. For the reasons that follow, we will affirm.

I

In 2012, a jury convicted Armstrong of conspiring to distribute and possess with the intent to distribute 1,000 kilograms and more of marijuana and 500 grams and more of cocaine hydrochloride; distributing and possessing with the intent to distribute the same; and possessing a firearm in furtherance of drug trafficking. The District Court sentenced Armstrong to 180 months' imprisonment, the statutory mandatory minimum. Armstrong appealed and we affirmed. *United States v. Armstrong*, 591 F. App'x 169 (3d Cir. 2015).

Armstrong filed a timely motion to vacate under 28 U.S.C. § 2255, alleging ineffective assistance of counsel at the plea phase. The District Court denied Armstrong's motion without an evidentiary hearing and declined to issue a certificate of appealability. We granted a certificate of appealability to consider whether the District Court erred when it denied Armstrong's motion without first conducting an evidentiary hearing.

II[1]

The issue here is whether the District Court erred in not holding an evidentiary hearing on Armstrong's ineffective assistance of counsel claim. By statute, the District Court must hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). We have explained that text as requiring a hearing for unresolved facts: "where a petition allege[s] any facts warranting relief under § 2255 that are not *clearly resolved* by the record, the District Court [is] obligated to follow the statutory mandate to hold an evidentiary hearing." *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015) (alterations in original) (emphasis added) (quotations marks omitted). We are not persuaded that a hearing was warranted here. Even accepting his allegations as true, the performance of Armstrong's attorney was not deficient under *Strickland v. Washington*, 466 U.S. 668 (1984). *See Duncan v. Morton*, 256 F.3d 189, 200 (3d Cir. 2001) (citing *Strickland*, 466 U.S. at 687) (applying "an objective standard of reasonableness, viewed to the extent possible from the attorney's perspective at the time").

Armstrong argues that his counsel acted objectively unreasonably by recommending against the plea because: he cooperated with law enforcement at the time of his arrest; he consented to a search of his residence; he provided self-incriminating statements; there were cooperating witnesses; and there was harmful evidence. This tells

---

[1] We have jurisdiction to review the District Court's order denying an evidentiary hearing under 28 U.S.C. §§ 1291 and 2253(a). We review for abuse of discretion. *United States v. Lilly*, 536 F.3d 190, 195 (3d Cir. 2008) (citing *United States v. Booth*, 432 F.3d 542, 545 (3d Cir. 2005)).

only part of the story, however. Armstrong glosses over factors—especially on the 18 U.S.C. § 924(c) firearm charge—that either cut in his favor or could have cut either way. For example, the gun was not found during the drug trafficking crimes, nor was there a quantifiable amount of drugs in Armstrong's residence where the gun was found. Accordingly, Armstrong argued on direct appeal that there was insufficient evidence to convict him on the § 924(c) count. *Armstrong*, 591 F. App'x at 170. Although his conviction was affirmed, the fact that Armstrong's appeal focused on insufficiency of the evidence for the § 924(c) count supports the reasonableness of counsel's recommendation to proceed to trial. Because Armstrong's conviction was not a foregone conclusion, we agree with the District Court that the record conclusively shows that Armstrong's counsel did not render deficient performance by advising him to proceed to trial.

Nor can Armstrong establish prejudice on this first claim, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland*, 466 U.S. at 694. Had Armstrong accepted the guilty plea, his base offense level would have been the same level that applied after trial (32). The prosecutor noted that if Armstrong pleaded guilty, the "range would [have been] reduced by two levels for the acceptance of responsibility," taking it down to a range of 97 to 121 months. App. 8–9. But the prosecutor also opined "[t]here are other enhancements that would possibly apply here." App. 8. And as the Government noted in its brief, Armstrong would have received a four-level enhancement under § 3B1.1(a) for being an organizer or leader (which he also received after trial) and a two-level enhancement under § 2D1.1(b)(1) for possessing a

4

dangerous weapon once the firearm charge was dropped. Together, these enhancements would have returned Armstrong to an offense level of 36. The Guidelines range for that offense level is 188–235 months—higher than the sentence of 180 months Armstrong received. The record thus conclusively shows that Armstrong was not prejudiced by proceeding to trial.

In response, Armstrong presses the possibility of a downward departure for substantial assistance. Such a departure would have depended on Armstrong's cooperation with the Government following his guilty plea. Yet no evidence in the record suggests Armstrong would have done so, much less that he would have done so to the Government's satisfaction, which renders the prospect of a downward departure speculative at best.

Armstrong next claims counsel misstated his sentencing exposure if he went to trial. Even assuming, *arguendo*, that counsel was deficient in this regard, the record shows Armstrong was not prejudiced. The possible sentencing outcomes were clearly reviewed with Armstrong on the record before trial. Both the prosecutor and the Court discussed the possible reductions for acceptance of responsibility and substantial assistance, as well as the mandatory minimum that would apply after trial. After Armstrong expressed confusion over the plea offer's terms, the District Court took a twenty-five minute recess. During that time, Armstrong discussed the proposed plea agreement with both his attorney and the prosecutor. Following the recess, Armstrong confirmed that he had enough time to discuss the offer with his attorney, that he understood the offer, that he did not require more time, and that it was his decision not to

5

plead guilty. The record conclusively shows that Armstrong was fully informed of the sentencing ramifications of his decision before electing to proceed to trial. Any failure by his attorney in this regard would have been immaterial, so he cannot establish prejudice under *Strickland*. The District Court therefore did not err in denying Armstrong an evidentiary hearing.

## III

We will affirm the District Court's order denying Armstrong's motion to vacate sentence.