**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1673
_____

UNITED STATES OF AMERICA

v.

JEFFREY JOHN VALENTA,
Appellant
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(No. 2-15-cr-00161-001)
District Judge:  Honorable Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 28, 2022
_____

Before:  HARDIMAN, SHWARTZ, and SMITH, <u>Circuit Judges</u>.

(Filed: January 28, 2022)
_____

**OPINION**<sup>*</sup>
_____

SHWARTZ, <u>Circuit Judge</u>.

---

<sup>*</sup> This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jeffrey John Valenta claims that he received ineffective assistance of counsel because his attorney failed to file a notice of appeal and he is therefore entitled to relief under 28 U.S.C. § 2255. The District Court denied relief without conducting an evidentiary hearing. Because Valenta's allegations, taken as true, set forth a colorable ineffective assistance of counsel claim under Strickland v. Washington, 466 U.S. 668 (1984), we will vacate the District Court's order and remand for an evidentiary hearing.

I

Valenta was indicted for receipt and possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(2) and (a)(4)(b). The District Court appointed counsel to represent him. After the Court denied Valenta's suppression motion, Valenta agreed to plead guilty to the receipt charge pursuant to a plea agreement. As part of the plea agreement, Valenta agreed to waive his right to appeal except where: (1) the United States appealed, (2) the sentence exceeded the statutory limits, or (3) the sentence "unreasonably" exceeded the United States Sentencing Guidelines' range. At the plea hearing, the District Court reviewed Valenta's appellate rights, and Valenta confirmed he was "willing to give up those rights for the benefits of the plea agreement."

The District Court sentenced Valenta to five years' imprisonment and five years' supervised release. After announcing its sentence, the Court discussed Valenta's appellate rights and instructed that any appeal was to be filed within fourteen days of judgment being entered. The Court added that if Valenta was "unable to pay the cost of an appeal, [he] may apply for leave to appeal in forma pauperis," and if he "so request[ed], the clerk of court [would] prepare and file a notice of appeal on [his] behalf."

2

App. 89-90.  The District Court then engaged in the following colloquy regarding

Valenta's appellate rights:

> [COUNSEL]:  We've talked about the waiver in the letter, Your Honor, so that's why he's—
> THE DEFENDANT:  I had a head injury.
> THE COURT:  I said subject to any limitations to which you've agreed, but you do have some basic rights that I wanted to make sure you were aware of.
> THE DEFENDANT:  Yes.
> THE COURT:  Do you understand those rights?
> THE DEFENDANT:  I'm going to be real frank with you, Your Honor.  I appreciate your patience with me.  I believe so.
> [COUNSEL]:  I think we wish there was some way to avoid this, but Mr. Valenta waived his appeal rights with respect to the sentence that the court imposed if the court were to impose that sentence, so—
> THE COURT:  You agreed to it as well, you know.
> THE DEFENDANT:  I have one question.  Again, I'm a little cloudy.  I apologize.
> THE COURT:  That's okay.  What's your question?
> THE DEFENDANT:  In regards to appeal rights, I was under the impression at some point we had gotten some information from Ms. Kennedy about the appeal—a plea with appeal of suppression.  It was an interesting term, and I wasn't real familiar with [sic].  It kind of got past all of us, I think.
> [COUNSEL]:  We deliberately did not ask for that in exchange for the agreed upon sentence.  We could have had the—if we had had the conditional plea—
> THE DEFENDANT:  Conditional plea based on suppression.
> [COUNSEL]:  —we would have had to litigate the length of the sentence, and there still would have been the five year statutory minimum that nobody can do anything about, so we did agree to proceed.
> THE COURT:  You got the minimum that could possibly be imposed.
> THE DEFENDANT:  I appreciate that.  It was just something—I'm fine.  Thank you.
> [COUNSEL]:  The letter also provides that if you find that I have acted ineffectively, substandard substantially to professional norms, you are allowed to file about that.
> THE COURT:  If you have appropriate grounds, you can do so.
> THE DEFENDANT:  Thank you for clearing that up.  I appreciate that.

App. 90-91.

Counsel did not file a notice of appeal.  Valenta, pro se, filed an untimely appeal,

which our Court dismissed.

3

Valenta filed a pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging various grounds for relief including ineffective assistance of counsel. Valenta asserted, in relevant part, that (1) he "insist[ed] [on the appeal] during the federal proceedings and on the day of sentencing" and "continually asked about [a] missing condition in the plea even at the sentencing hearing," App. 103-04; (2) "[counsel] abandoned [Valenta] at the end of [his sentencing] hearing without providing for a backup counsel," App. 103; and (3) "[counsel's] abandonment post sentencing caused [Valenta] to miss a deadline for appeal, an appeal that [Valenta] was insistent upon during the federal proceedings and on the day of sentencing," App. 103.

The District Court denied relief without a hearing. The Court found, among other things, that (1) Valenta's grounds for ineffective assistance, including counsel's "retire[ment] after the sentencing hearing and fail[ure] to file an appeal," App. 7, were "largely mooted by Valenta's knowing, counseled and voluntary plea of guilty," App. 11; and (2) Valenta was not prejudiced by "counsel's retirement after the sentencing hearing and failure to file an appeal" because (a) Valenta could not "disavow the actual terms of the plea agreement," including his "knowing[] and voluntar[y]" appellate waiver, and (b) "he received the lowest possible sentence," App. 12.

Valenta appeals the denial of § 2255 relief and we granted a certificate of appealability solely on the question of counsel's failure to file a direct appeal.

4

II[1]

A[2]

Section 2255(b) requires courts to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Accordingly, a district court should hold an evidentiary hearing when the habeas petition "allege[s] any facts warranting relief under § 2255 that are not clearly resolved by the record." United States v. Tolliver, 800 F.3d 138, 141 (3d Cir. 2015) (alteration in original) (quoting United States v. Booth, 432 F.3d 542, 546 (3d Cir. 2005)). In assessing whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous" or contradicted by the record. Id. (quoting Booth, 432 F.3d at 545); United States v. Arrington, 13 F.4th 331, 335 (3d Cir. 2021) ("A movant need not 'prove' anything to warrant a hearing."); Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001) (holding no entitlement to hearing where facts were "contradicted conclusively by the record, or . . . patently frivolous"). Thus, when evaluating a Strickland claim, which requires proof that counsel failed to perform competently and that the petitioner was prejudiced by counsel's error, we must determine whether the nonfrivolous facts "conclusively fail to show ineffective assistance of

_____

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 2255. We have jurisdiction under 28 U.S.C. § 2253(a), (c) (grant of certificate of appealability), 28 U.S.C. § 1291, and 28 U.S.C. § 2255(d).

[2] We review the denial of an evidentiary hearing in a habeas petition for abuse of discretion. United States v. Bui, 795 F.3d 363, 366 (3d Cir. 2015) (quoting United States v. Lilly, 536 F.3d 190, 195 (3d Cir. 2008)). We exercise plenary review over the District Court's underlying legal conclusions and review its factual findings for clear error. United States v. Arrington, 13 F.4th 331, 334 (3d Cir. 2021).

5

counsel." Arrington, 13 F.4th at 334 (quoting United States v. Dawson, 857 F.2d 923, 927-28 (3d Cir. 1988)). If the presumptively truthful, nonfrivolous facts do not "conclusively fail either prong of the Strickland test, then a hearing must be held." Dawson, 857 F.2d at 928 (emphasis omitted).

## B

We first examine whether Valenta's core allegations are frivolous.[3] The crux of Valenta's claim is that he requested an appeal, but his counsel never filed it.

As to Valenta's desire for an appeal, his § 2255 motion asserts that he requested an appeal before, after, and during his sentencing. While Valenta's motion lacks detail about when and how he made his out-of-court requests,[4] his allegations are not frivolous or clearly contradicted by the record. See Arrington, 13 F.4th at 334.

At Valenta's sentencing hearing, he stated that he "was under the impression" he had entered a conditional plea, which would allow him to appeal the suppression ruling. App. 90-91. Although he was mistaken about reserving his right to pursue an appeal of

---

[3] The District Court did not find that Valenta's allegations were frivolous or clearly contradicted by the record. See Moore v. United States, 571 F.2d 179, 184-85 (3d Cir. 1978) (rejecting Government's argument that "unsubstantiated" allegations "deserve little attention" because the district court made no findings that the defendant's allegations were "frivolous").

[4] The Government cites United States v. Thomas, 221 F.3d 430 (3d Cir. 2000), for the proposition that Valenta's allegations should be disregarded because they are "vague and conclusory." Appellee's Br. at 16, 17-18 (citing Thomas, 221 F.3d at 437). Thomas, however, held that claims in a § 2255 motion should only be "disposed of without further investigation" where they do not, "at least on their face[,] present substantial issues upon which the District Court could have proceeded." Thomas, 221 F.3d at 438. On its face, Valenta's motion alleges that he "insist[ed] upon" an appeal at the sentencing hearing, which provides sufficient ground for a court to probe the factual basis for his claims. App. 103.

the suppression ruling—and although the record is silent on any discussion of an appeal before or after the sentencing—neither this mistake on his part nor this silence means his alleged request that counsel file an appeal is conclusively contradicted or "patently frivolous." Solis, 252 F.3d at 295. Because Valenta's allegations about requesting an appeal before or after his sentencing hearing are not frivolous or clearly contradicted by the record, we will take his allegations as true for assessing his entitlement to relief.

C

We next examine whether, taking Valenta's uncontradicted allegations as true, he is conclusively barred from relief for ineffective assistance of counsel. To obtain relief, Valenta must show (1) that his counsel performed below the objective standard of reasonableness, and (2) a reasonable probability that the result would have been different but for counsel's errors. Dawson, 857 F.2d at 928. A lawyer's performance is not objectively reasonable where the lawyer "disregards specific instructions from the defendant to file a notice of appeal" because a defendant "reasonably relies upon counsel to file the necessary notice." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). To establish prejudice where, as here, the alleged deficient performance stems from a failure to file a notice of appeal, a defendant need only show that, "but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." Id. at 484; see also Velazquez v. Superintendent Fayette SCI, 937 F.3d 151, 163 (3d Cir. 2019) (holding a defendant "need not show that the decision to undergo the process[, such as an appeal,] would have resulted in a more favorable outcome"). Valenta's allegations

7

pertaining to each prong of his ineffective assistance of counsel claim do not conclusively bar him from relief.

First, regarding deficient performance, Valenta alleges that his counsel "failed to file an appeal" despite Valenta's "continual[]" questions. App. 104-05. If Valenta is correct, his counsel's performance may have been deficient under Flores-Ortega. See 528 U.S. at 477 (holding that disregarding specific instructions to file a notice of appeal is "professionally unreasonable"). Moreover, Valenta's statement that he repeatedly asked his counsel about an appeal raises unresolved factual questions regarding what Valenta said to his counsel about filing an appeal. See id. at 478 ("In those cases where the defendant neither instructs counsel to file an appeal nor asks that an appeal not be taken, . . . the question whether counsel has performed deficiently by not filing a notice of appeal [turns on] whether counsel in fact consulted with the defendant about an appeal.").[5] An evidentiary hearing is necessary to develop these facts.

Second, regarding prejudice, Valenta alleged that counsel's "abandonment" after sentencing "caused [Valenta] to miss a deadline for appeal" that Valenta "was insist[e]nt upon." App. 103. Valenta thus contends that but for counsel's deficient performance, he

---

[5] See also Solis, 252 F.3d at 293 ("[C]ounsel has 'a constitutionally-imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.'" (quoting Flores-Ortega, 528 U.S. at 480)).

"would have [timely] appealed," and because the failure to timely appeal barred him from appellate review, he suffered prejudice.[6] Flores-Ortega, 528 U.S. at 484.

Because Valenta's allegations, taken as true, present a colorable claim for ineffective assistance of counsel, Valenta is entitled to an evidentiary hearing concerning whether he asked counsel to file an appeal before or after sentencing.

III

For the foregoing reasons, we will vacate the order of the District Court and remand for an evidentiary hearing.[7]

---

[6] The District Court erred in holding that Valenta "was not prejudiced by counsel's retirement after the sentencing hearing and failure to file an appeal" simply because the plea agreement included an appellate waiver. App. 12. In Garza v. Idaho, the Supreme Court held that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken," the defendant has a claim for ineffective assistance of counsel "regardless of whether the defendant has signed an appeal waiver." 139 S. Ct. 738, 747 (2019) (first quoting Flores-Ortega, 528 U.S. at 484). Thus, the presence of the appellate waiver does not mean a defendant cannot be prejudiced by his attorney's failure to file an appeal on a ground not covered by the waiver. Id. ("Garza retained a right to appeal at least some issues despite the waivers he signed. In other words, Garza had a right to a proceeding, and he was denied that proceeding altogether as a result of counsel's deficient performance.").

[7] Nothing herein constitutes a view on the merits of Valenta's ineffective-assistance claim.