IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| GUY JONES, | § | |
| | § | No. 487, 2023 |
| Defendant Below, | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1701006494 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: November 20, 2024
Decided: January 23, 2025

Before **SEITZ**, Chief Justice; **VALIHURA** and **LEGROW**, Justices.

## ORDER

On this 23rd day of January, 2025, after consideration of the parties' briefs and the record below, it appears to the Court that:

(1) The appellant, Guy Jones, was convicted of murder and associated firearm charges in August 2018. Jones' convictions were upheld on direct appeal, and the Superior Court denied his timely, first motion for post-conviction relief. Jones now appeals from that decision, arguing that we should reverse the Superior Court for three reasons: (1) the court abused its discretion by resolving disputed issues of material fact without an evidentiary hearing; (2) the court erred in denying Jones' claim that trial counsel was ineffective for failing to move to sever Jones' trial from

his co-defendant's; and (3) the court erred in holding that trial counsel made a strategic decision not to call two individuals as trial witnesses.

(2) Jones and DePaul Wilson were arrested on February 14, 2017. They were tried together on charges of first-degree murder, second-degree murder, attempted robbery, two counts of possession of a firearm during commission of a felony ("PFDCF"), and second-degree conspiracy. After an eight-day trial, a Kent County jury convicted both men on all counts. On August 29, 2018, the Superior Court sentenced Jones to life imprisonment for the first-degree murder charge and an additional 40 years in prison followed by decreasing levels of supervision for the remaining charges. On direct appeal, this Court affirmed Jones' convictions and sentences.[1]

(3) Jones filed a timely motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61") on July 14, 2020. His motion included a request for an evidentiary hearing and was supplemented by an affidavit that Jones authored.[2] At the Superior Court's request, trial counsel filed an affidavit responding to Jones' ineffective-assistance-of-counsel claims. After full briefing, a Superior Court Commissioner recommended that the court deny the motion. Jones appealed the Commissioner's report and recommendation. On November 30, 2023, the Superior

---

[1] *Jones v. State*, 213 A.3d 1186, 2019 WL 3206964, at *2 (Del. Jul. 16, 2019) (TABLE).
[2] App. to Opening Br. at A6–55 (R. 61 Mot.); A76–77 (Jones' affidavit).

Court issued an opinion adopting the Commissioner's report and denying postconviction relief.[3] Jones filed a timely notice of appeal and retained new counsel when his appointed post-conviction counsel filed a Rule 26(c) brief and a motion to withdraw.

(4) This Court reviews the Superior Court's denial of a motion for postconviction relief for an abuse of discretion.[4] We review legal or constitutional questions, including ineffective-assistance-of-counsel claims, *de novo*.[5]

(5) We affirm the Superior Court's decision denying Jones' postconviction motion on the basis of and for the reasons stated in the November 30, 2023 Order Denying Jones' Motion for Postconviction Relief.[6] That affirmance addresses most of Jones' appellate arguments, including his claim that trial counsel was ineffective by failing to call two witnesses. Jones also raises two new arguments on appeal that he did not raise in the Superior Court, neither of which supports reversal.

(6) First, Jones argues that the trial court abused its discretion by failing to hold an evidentiary hearing to resolve disputed issues of material fact that, in Jones' view, required the court to weigh witness credibility. Jones acknowledges that Rule 61 gives the court broad discretion to decide whether to hold an evidentiary hearing.

---

[3] *State v. Jones*, 2023 WL 8281375 (Del. Super. Nov. 30, 2023).
[4] *Purnell v. State*, 254 A.3d 1053, 1093 (Del. 2021); *Swan v. State,* 248 A.3d 839, 856 (citing *Richardson v. State*, 3 A.3d 233, 237 (Del. 2010)).
[5] *Thompson v. State*, 296 A.3d 872, 877 (Del. 2023) (citing *Green v. State*, 238 A.3d 160, 174 (Del. 2020)).
[6] *Jones*, 2023 WL 8281375.

But he contends that the Rule's language permitting the Superior Court to hold an evidentiary hearing if one is "desirable" is "standardless" and "amorphous."[7] Although he did not advance this argument in his Motion, Jones now invites us to adopt what he views as a more "appropriate" standard like those used in Pennsylvania and the federal courts, which require a court to conduct an evidentiary hearing when there are disputed, material factual issues.[8] Applying his preferred standard in this case, Jones argues that an evidentiary hearing was necessary because (1) trial counsel's affidavit conflicted with Jones' affidavit as to the substance of their discussions and the decision about whether to move to sever Jones' trial from his co-defendant's; and (2) Jones' affidavit averred that trial counsel advised Jones that severance would not be strategically advantageous because both the defendants

---

[7] Opening Br. at 20–21. Super. Ct. Crim. R. 61(h)(1) ("After considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable."). *See Hazout v. Tsang Mun Ting*, 134 A.3d 274, 286 (Del. 2016) (in interpreting statutes, we give effect to the plain meaning of language); *see also State v. Lewis*, 797 A.2d 1198, 1201 (Del. 2002) (plain meaning analysis "equally applicable to the interpretation of a court rule").

[8] Under the Pennsylvania rules, a lower court has the discretion to choose whether to have an evidentiary hearing "if the court is satisfied that there are no genuine issues concerning any material fact; that the defendant is not entitled to post-conviction collateral relief; and that no legitimate purpose would be served by further proceedings." Pa. R. Crim. P. 907, 908; *see also Commonwealth v. Burton*, 158 A.3d 618, 622 (Pa. 2017); Opening Br. at 21. Under 28 U.S.C. § 2255, a hearing "shall" be ordered "[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." The court "'must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record.'" *United States v. Tolliver*, 800 F.3d 138, 141 (3d Cir. 2015); *but see* 28 U.S.C. § 2254(e)(2) (in federal review of state proceedings, the court "shall not hold an evidentiary hearing on the claim" except for enumerated reasons).

and the victim were of the same race, which Jones argues mandates an evidentiary hearing under *Reed v. State*.[9]

(7) Jones' arguments regarding the need for an evidentiary hearing were not raised to the Superior Court and therefore were not preserved.[10] Although Jones made a formulaic request for an evidentiary hearing in his motion for post-conviction relief,[11] the Superior Court Commissioner elected not to hold a hearing and instead issued her report based on the parties' written submissions.[12] Jones did not raise the absence of an evidentiary hearing in his objections to the Commissioner's report, and none of Jones' submissions to the Superior Court cited the need to assess the affiants' credibility or the application of our decision in *Reed v. State*.

(8) Questions that were not fairly presented to the trial court may not be considered on appeal unless the interests of justice so require.[13] A boilerplate request to the Superior Court to hold an evidentiary hearing, which was not later raised in the objections to the Commissioner's report, does not fairly present Jones' appellate arguments regarding the Rule 61 standard, the need to resolve disputed factual issues, or *Reed*'s applicability. Nor do the interests of justice require us to consider

---

[9] 258 A.3d 807, 826 (Del. 2021).
[10] App. to Opening Br. at A64–75 (Objections to Comissioner's Report and Recommendation).
[11] *Id.* at A22, 54 (R. 61 Mot.).
[12] *Jones*, 2023 WL 8281375.
[13] Supr. Ct. R. 8; *Wainwright v. State*, 504 A.2d 1096, 1100 (Del. 1986) (". . . the general rule is that evidentiary questions may not be raised for the first time on appeal."); *Turner v. State*, 5 A.3d 612, 615 (Del. 2010) (this court may excuse a waiver if it finds that the trial court committed plain error "requiring review in the interests of justice").

the issue because—as the Superior Court explained—the undisputed record shows that trial counsel made a strategic decision not to seek severance, and that tactical choice is not one that required the court to conduct an evidentiary hearing.[14]

(9) Jones also argues for the first time on appeal that trial counsel's decision not to seek to sever Jones' trial prejudiced him because it allowed the jury to hear a redacted statement given by Jones' co-defendant—Wilson—which Jones now argues violated his rights under the Sixth Amendment.[15]

(10) Specifically, Jones contends that the admission of Wilson's redacted statement at trial violated *Bruton v. United States*[16] and its progeny,[17] which prohibit one defendant's out-of-court statement from referring to any co-defendant. This argument suffers from a number of flaws. First, Jones never raised this issue in his

---

[14] *See Owens v. State*, 301 A.3d 580, 590 (Del. 2023) (evidentiary hearing was not required even when disputed facts required a credibility determination); *see also Johnson v. State*, 129 A.3d 882 (Del. 2015) (evidentiary hearing was not required "[b]ecause the record is sufficient to determine that [] counsel was not ineffective."); *Perkins v. State*, 962 A.2d 917 (Del. 2008) (evidentiary hearing was not necessary given the judge's extensive familiarity with background of the case); *Jackson v. State*, 869 A.2d 327 (Del. 2005) (evidentiary hearing was not required when petitioner did not "substantiate concrete allegations of actual prejudice"); *Grace v. State*, 682 A.2d 626 (Del. 1996) (evidentiary hearing was not required because the argument was "at best diversionary" to finding possible prejudice); *Duffy v. State*, 1986 WL 17363, at *2 (Del. Jul. 31, 1986) (evidentiary hearing was not required when the trial record was sufficient to resolve claims). It is also well settled that the Superior Court is not required to conduct an evidentiary hearing if, on the face of the motion, the petitioner is not entitled to relief. *Hawkins v. State*, 839 A.2d 666 (Del. 2003); *see also State v. Winn*, 2014 WL 5025792, at *4 (Del. Super. Oct. 2, 2014), *aff'd*, 2015 WL 1469116 (Del. Mar. 30, 2015); *State v. Gregg*, 2021 WL 2580713, at *7 (Del. Super. June 23, 2021), *aff'd*, 275 A.3d 257 (Del. 2022).

[15] Jones' other arguments regarding trial counsel's decision not to move to sever were thoroughly addressed by the Superior Court in its November 30, 2023 Order.

[16] 391 U.S. 123 (1968).

[17] *Samia v. United States* 599 U.S. 635 (2023); *Gray v. Maryland*, 523 U.S. 185 (1998); *Richardson v. Marsh*, 481 U.S. 200 (1987).

6

postconviction motion, so it is not preserved on appeal. The issue also is procedurally barred because it was not raised during trial or on direct appeal.[18] Second, this argument does not relate directly to the prejudice that Jones purportedly suffered from counsel's decision not to move to sever. Whether Jones' Sixth Amendment rights were violated is not evidence that he was prejudiced by trial counsel's decision not to move to sever. Jones seems to suggest that trial counsel's decision not to sever exposed Jones to additional ineffective assistance when trial counsel allowed the jury to hear a statement that purportedly violated *Bruton*.[19] But Jones cannot introduce on appeal an entirely new ineffective-assistance-of-counsel claim that he did not raise in his Rule 61 motion.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[18] Super. Ct. Crim. R. 61(i)(3).
[19] Opening Br. 32–34.

7